U.S. COURTS

APR 30 2018

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

Name:  Josephine Guion
Address: P.O. Box 85 Payette, ID 83661
Telephone: (720) 206-7932(cell #)

# UNITED STATES DISTRICT COURT FOR THE

# DISTRICT COURT OF IDAHO

Josephine Guion
(Full Name)

PLAINTIFF

vs.

Board of Directors,

Bonner Homeless Transitions

(Formerly Transitions In Progress Services(T.I.P.S.)

DEFENDANTS

# CIVIL RIGHTS COMPLAINT

(42 U.S.C § 1983, § 1985)

CIVIL NO. 2:18 - CV - 186 - DCN

## A. JURISDICTION

1.  Jurisdiction is proper in this court according to:

    a.  ✓42U.S.C. Statute 1983

    b.  ✓42 U.S.C. Statute1985

    c.  ✓42 Other(Please Specify) 42 U.S.C. STATUTE 3617(ANTI-RETALIATION PROVISION),
        42 U.S.C. STATUTE 3601 et seq.

2.  NAME OF PLAINTIFF  Josephine Guion

    IS A CITIZEN OF THE STATE OF  Idaho


    PRESENT MAILING ADDRESS:  P.O. Box 85 Payette, ID 83661

3.   **NAME OF FIRST DEFENDANT** *MARY Jo AMBROSAINI*
     **IS A CITIZEN OF** *206 N. 4th AVENUE #160   P.O. BOX 1692 SANDPOINT, ID 83864*
     _____(City and State)_____

     **IS EMPLOYED AS** *BOARD OF DIRECTORS*      *BONNER HOMELESS TRANSITIONS (FORMERLY*
     _____*PRESIDENT*_____ at *TRANSITIONS IN PROGRESS SERVICES (T.I.P.S.)*
     (Position and Title if Any)      (Organization)

     Was the defendant acting under the authority or color of state law at the time these
     claims occurred?

     YES ___ NO _✓_ If your answer is "YES" briefly explain.

     _____

     _____

     _____

4.   **NAME OF SECOND DEFENDANT** *ANN GEHRING*
     (If applicable)

     **IS A CITIZEN OF** *206 N. 4th AVENUE #160   P.O. BOX 1692 SANDPOINT, ID 83864*
     _____(City and State)_____

     **IS EMPLOYED AS** *BOARD OF DIRECTORS*      *BONNER HOMELESS TRANSITIONS (FORMERLY*
     *VICE-PRESIDENT* at *TRANSITIONS IN PROGRESS SERVICES (T.I.P.S.)*
     (Position and Title if Any)      (Organization)

     Was the defendant acting under the authority or color of state law at the time these
     claims occurred?

     YES ___ NO _✓_ If your answer is "YES" briefly explain.

     _____

     _____

     _____

5.   **NAME OF THIRD DEFENDANT** *PEGGY FIGGINS-DEXTER*
     (If applicable)

     **IS A CITIZEN OF** *206 N. 4th AVENUE #160   P.O. BOX 1692 SANDPOINT, ID 83864*
     _____(City and State)_____

*BOARD OF DIRECTORS*                    *BANNER HOMELESS TRANSITIONS (FORMERLY*

IS EMPLOYED AS *BOARD MEMBER* _____ at *TRANSITIONS IN PROGRESS SERVICES (T.I.P.S.))*

(Position and Title if Any)          (Organization)

Was the defendant acting under the authority or color of state law at the time these claims occurred?

YES ___ NO *✓*. If your answer is "YES" briefly explain.

_____

_____

_____


6.    NAME OF FOURTH DEFENDANT_____
      (If applicable)

IS A CITIZEN OF_____
                     (city and State)

IS EMPLOYED AS_____ at _____.
            (Position and Title if Any)          (Organization)

Was the defendant acting under the authority or color of state law at the time these claims occurred?

YES ___ NO___. If your answer is "YES" briefly explain.

_____

_____

_____


(Use additional sheets of paper if necessary.)


## B. NATURE OF CASE

1.    Why are you bringing this case to court?  Please explain the circumstances that led to the problem. *1) VIOLATIONS OF MY CIVIL RIGHTS, UNDER THE FAIR HOUSING ACT, ETC., BY CONSPIRACY, NEGLECT, ETC., BECAUSE OF RACE BY PROGRAM MANAGER JOANNE BARLOW AND CO-CONSPIRATORS, ETC.*

2) VIOLATIONS OF MY CIVIL RIGHTS UNDER THE FAIR HOUSING ACT, BY DEFAMATION, CONSPIRACY, NEGLECT, ETC., BECAUSE OF RACE BY BARLOW, ETC.

3) VIOLATIONS OF MY CIVIL RIGHTS UNDER THE FAIR HOUSING ACT, THROUGH INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, CONSPIRACY, NEGLECT, ETC., BECAUSE OF RACE BY BARLOW AND CO-CONSPIRATORS, ETC.

## C. CAUSE OF ACTION

1.   I allege that my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations: (If necessary you may attach additional pages)

   a.   (1)   Count I: RACE AND HOSTILE HOUSING ENVIRONMENT

   (2)   Supporting Facts: (Describe exactly what each defendant did or did not do. State the facts clearly in your own words without citing legal authority or arguments.)

   PROGRAM MANAGER JOANNE BARLOW CONSPIRED WITH PARTICIPANTS (FORMERLY T.I.P.S.) TO FORCE ME OUT OF THE T.I.P.S. PROGRAM BECAUSE OF MY RACE, ETC.

   — PLEASE SEE ATTACHED —

   b.   (1)   Count II: DEFAMATION

   (2)   Supporting Facts: PROGRAM MANAGER JOANNE BARLOW CONSPIRED WITH T.I.P.S. PARTICIPANTS TO DEFAME ME AS A THREATENING, INTIMIDATING, MENTALLY UNSTABLE, ETC., TO EVERYONE AT THE T.I.P.S. THISTLE CREEK COMMUNITY / HOLLAND HOUSE PROPERTY,

AND LATER USED AGAINST ME TO FABRICATE AN ALLEGATION OF

ASSAULT, ETC., BECAUSE OF MY RACE. — PLEASE SEE ATTACHED —

c.   (1)   **Count III:** INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(2)   **Supporting Facts:** PROGRAM MANAGER JEANNE BARLOW INTENTIONALLY
INFLICTED EMOTIONAL DISTRESS UPON ME 1) TO DEPRIVE ME OF MY RIGHT
TO ENGAGE IN A PROTECTED ACTIVITY BY COERCION OF BECOMING HOMELESS IF
I TALKED TO THE HOUSING AGENCY, ETC. 2) BARLOW CONSPIRED WITH A CO-
CONSPIRATOR TO FABRICATE AN ALLEGATION OF ASSAULT AS EXTORTION TO TRY AND
FORCE ME TO LEAVE THE T.I.P.S. PROGRAM, ETC. 3) BY ESCALATING THE HOSTILE
HOUSING ENVIRONMENT AS RETALIATION, THAT INCLUDED DAMAGE TO PERSONAL
PROPERTY AND VANDALIZED VEHICLE, ETC. 4) BOARD OF DIRECTORS PRESIDENT
MARY JO AMBROSAINI'S REFUSAL TO STOP THE DISCRIMINATION WHEN SHE WAS
CONTACTED BY LETTERS OF COMPLAINT — AMBROSAINI LATER SAID TO ME
THAT SHE IS NOT RESPONSIBLE FOR BARLOW AND THE OTHER'S ACTIONS, ETC.
— PLEASE SEE ATTACHED —

## D. INJURY

1.   **How have you been injured by the actions of the defendant(s)?** I SUFFERED FROM MENTAL
AND PHYSICAL DISTRESS, STRESS-RELATED OUTBREAKS OF SKIN RASHES ON MY BODY, ETC., AS
A RESULT OF 1) PROGRAM MANAGER BARLOW AND HER CO-CONSPIRATORS ONGOING DEPRIVATION OF
MY CIVIL RIGHTS AS A PARTICIPANT, IN THE T.I.P.S. PROGRAM BECAUSE OF MY RACE —
2) BARLOW INSTILLING FEAR IN ME BECOMING HOMELESS, AS COERCION TO DEPRIVE ME OF MY
CIVIL RIGHT TO COMPLAIN ABOUT THE RACIAL DISCRIMINATION, ETC. 3) THE FEAR OF ALMOST
LOSING MY FREEDOM AS A LAW ABIDING CITIZEN BY BARLOW AND A CO-CONSPIRATOR, WHO
VILIFIED MY CHARACTER THROUGH SLANDER AND LIBEL THAT THEY CREATED AND THEN USED
AGAINST ME AS EXTORTION TO TRY AND FORCE ME TO LEAVE THE T.I.P.S. PROGRAM OR FACE
ARREST FOR ASSAULT, ETC. — 4) I SUFFERED FURTHER BY T.I.P.S. BOARD OF DIRECTORS
FAILURE TO RESPOND TO MY FORMAL GRIEVANCES, AND RETALIATION FOR FILING MY
DISCRIMINATION COMPLAINTS THAT ESCALATED THE HOSTILE ENVIRONMENT AT ROLLAND HOUSE, ETC. —
5) BOARD OF DIRECTORS PRESIDENT AMBROSAINI ALLOWING THE ESCALATING HARASSMENT, DEPRIVATION
OF MY CIVIL RIGHTS, VANDALIZING OF MY VEHICLE, REFUSING TO INTERVENE AND STOP THE WHAT
WAS HAPPENING BECAUSE SHE SAID THAT SHE IS NOT RESPONSIBLE FOR WHAT HAPPENED TO ME, ETC.

## E. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1.   **Have you filed other lawsuits in state or federal court that deal with the same facts that are
involved in this action or otherwise relate to the conditions of your imprisonment? YES__
__ / NO ✓ . If your answer is "YES," describe each lawsuit. (If there is more than one
lawsuit, describe additional lawsuits on additional separate pages, using the same outline.)**

a.   **Parties to previous lawsuit:**

HOUSING DISCRIMINATION

COUNT I : RACE and HOSTILE HOUSING ENVIRONMENT

1. I state a claim respectfully, that I am suing under the Fair Housing Act, 42 U.S.C. §
3613(a)(1(B))(b(1))(c(2)), the Civil Rights Act under 1866, 1964(42 U.S.C. § 2000d et seq), 42 U.S.C. §
1981, 42 U.S.C. § 1983, 18 U.S.C. § 241 ; Requesting a jury trial, against the Board of Directors, of the
Bonner Homeless Transitions Transitional Housing Program(Formerly Transitions In Progress
Services(T.I.P.S.)), under 24 C.F.R. § 100. 7(a)(i)(ii)(iii)(b), and 42 U.S.C. § 1986, 18 U.S.C. § 241 ; For Race
Discrimination, and Hostile Housing Environment by Board of Directors President Mary Jo Ambrosaini,
Joanne Barlow, Program Manager at the Bonner Homeless Transitions(Formerly T.I.P.S.) Trestle Creek
Community/Holland House property, under 18 U.S.C. § 241, 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, 28
U.S.C. § 4101(1)(2), and co-conspirators former T.I.P.S. Participants/Holland House residents Bonnie
Edgecomb and Michelle "Shelley" Lang under 18 U.S.C. § 241, 42 U.S.C. § 1985(3), 28 U.S.C. § 4101(1)(2)
; For violations of my Constitutional and Civil Rights, under the Civil Rights Act(CRA) of 1866, 1964( 42
U.S.C. § 2000d et seq), 42 U.S.C. § 1981, and 42 U.S.C. § 1983;  The Fair Housing Act(FHA) under 42
U.S.C. § 3604(b), and 42 U.S.C. § 3617(Including 24 C.F.R. §§ 100.400(a)(b)(c)(2)(4-6));  Based on Race,
Black/African American.
In support of the above stated claim, I offer the following facts:
2. I state a claim that I became a participant in the 2-year T.I.P.S. Transitional Housing Program in July
2013, and resided in Holland House on the T.I.P.S. Trestle Creek Community/Holland House property,
and that in January2014, I sustained a workplace injury that became a documented permanent physical
disability in March2014.
 3. I state a claim under 42 U.S.C. § 2000d et seq, 42 U.S.C. § 3604(b), that in October2013, my civil
rights were violated because of my race by Gina Gingham, the interim T.I.P.S. Program Manager at the
Trestle Creek Community/Holland House property.  When Gingham, met me for the first time, she asked
me why I was living in North Idaho, and if I would be more comfortable with other African Americans
living in the Spokane area.

1

4. I state a claim under 42 U.S.C. § 2000d et seq, 42 U.S.C. § 3604(b), 42 U.S.C. § 3617, that in November2013, my civil rights were violated because of my race by Joanne Barlow, the new T.I.P.S. Program Manager at the T.I.P.S. Trestle Creek Community/Holland House property, when she tried to coerce me into leaving the T.I.P.S. Transitional Housing Program, because I was being oppressed by white people. When Barlow met me for the first time, she asked "Why are you, an African American doing in North Idaho?" "Don't you feel oppressed by how white people treat you?" "Don't you feel oppressed living in North Idaho?" "I'm from the 'South' and I know how African Americans feel being oppressed about living in places like this, where there are not large African American populations." Program Manager Barlow then said "Aren't you ready to leave this place?" "Don't you feel oppressed living here? Wouldn't you feel better living somewhere else, with your own kind?" After her talk with me, Program Manager Barlow began pressuring me almost weekly about finding another place to live.

5. I state a claim under 42 U.S.C. § 2000d et seq, 42 U.S.C. § 3604(b), 42 U.S.C. § 3617, that in February2014, Program Manager Barlow violated my civil rights because of my race, when she tried to coerce me to move into a dilapidated, one-room shack rental, that Barlow showed me pictures of on her office computer, in Holland House, insisting that I move into the available rental right away. I refused.

6. I state a claim under 42 U.S.C. § 2000d et seq, 42 U.S.C. § 3604(b), 42 U.S.C. § 3617(Including 24 C.F.R. §§ 100.400(a)(b)(c)(2)(4-6)), 18 U.S.C. § 241, 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, 28 U.S.C. § 4101(1)(2), that after I refused to move out of Holland House in February2014, Program Manager Barlow recruited co-conspirators, T.I.P.S. Participants/Holland House residents, Bonnie Edgecomb, and Michelle "Shelley" Lang, to help her force me out of the T.I.P.S. Transitional Housing Program because of my race, that started from March2014-thru-July2015:

7. I state a claim under 42 U.S.C. § 2000d et seq, 42 U.S.C. § 3604(b), 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, and Hostile Housing Environment from March-thru-May2014, that my civil rights were violated because of my race by T.I.P.S. Participant/Holland House resident Bonnie Edgecomb, began harassing me, trying to bait me into reacting to her: (1) Saying racially disparaging remarks about me "eating beans and cornbread" "wearing a rag to cover my nappy hair" and "Listening to that black shit(music)." (2) Harassing me while I was cooking my food on the stove, standing at the stove staring me down, not

2

moving until I was finished cooking my food before she turned around and left the kitchen ; (3) Standing next to me at the stove while I was cooking my food, and deliberately reach across in front of me, intentionally letting her shirt sleeve and/or sleeve of her sweater that she was wearing, dip into my uncovered food, trying to get me to react to her, etc. ; (4) I bought a portable double burner, and a microwave oven to use on my assigned counterspace area, to avoid being harassed by Bonnie when cooking at the stove, and whenever possible, I made an effort to avoid being around Bonnie in the kitchen ; (5) Bonnie started leaving me accusatory notes of made-up offenses, to bait me into reacting to her, etc. I complained repeatedly to Program Manager Barlow about Bonnie harassing me.

8. I state a claim under 42 U.S.C. § 2000d et seq, 42 U.S.C. § 3604(b), 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, that on Thursday 29May2014, my civil rights were violated by Bonnie because of my race, after another incident of harassment involving a note from Bonnie. In witness statements from T.I.P.S. Trestle Creek property Caretaker couple Tammy Johnson and her husband Kelly---Tammy Johnson's witness statement: Bonnie said to me, " I left that note on purpose to piss Jo off. I hope she gets get kicked out. I'm so tired of that little nigger!" Kelly's witness statement: "I only caught the tail-end of Bonnie talking to Tammy, but she said the n-word. I knew she was talking about you." I complained to Program Manager Barlow about Bonnie's harassment.

9. I state a claim under 42 U.S.C. § 2000d et seq, 42 U.S.C. § 3604(b), 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, 28 U.S.C. § 4101(1)(2), and Hostile Housing Environment, that on Friday 30May2014, my civil rights were violated because of my race, when Bonnie verbally attacked me, following me out of the kitchen and up-the-stairs behind me saying repeatedly "You have mental problems. You're always angry. You don't belong here. Nobody wants you here. I belong here, I don't want you here. You need to leave. You need to go back where you came from." When I got to my room door, Bonnie turns around and goes back downstairs. I contacted Program Manager Barlow, and complained to her about what Bonnie said to me.

10. I state a claim that on Monday 02 June2014, I submitted to Program Manager Barlow, a formal grievance of racial discrimination against Bonnie, which Barlow submitted to the T.I.P.S. Board of Directors.

3

11. I state a claim under 42 U.S.C. § 2000d et seq, 42 U.S.C. § 3604(b), 42 U.S.C. § 3617(Including 24 C.F.R. §§ 100.400(a)(b)(c)(2)(4-6)), and Hostile Housing Environment, that on Friday 27June2014 Program Manager Barlow, violated my civil rights because of my race, taking away my right to engage in a protected activity, when I wanted to find out the process for filing a race discrimination complaint with the Housing Agency.  Barlow refused to give me the contact information for the Housing Agency, that was not posted on the bulletin board outside of her office in Holland House.  Barlow threatened to have harassment charges brought against me if I contacted the Housing Agency, etc.(Please See COUNT III: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS # 2)

12. I state a claim under 42 U.S.C. § 2000d et seq, 42 U.S.C. § 3604(b), 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, that after Bonnie moved out of Holland House in July2014, into her own nearby apartment, and was no longer a T.I.P.S. Participant, my civil rights, and my right to exercise of full enjoyment and use of the kitchen facilities, etc., at Holland House, continued to be denied to me because of my race when Program Manager Barlow, deliberately violated the  "T.I.P.S. Transitional Housing Program Guest Handbook.( the "Visitors" section states "No guests allowed on the Trestle Creek Property after 8pm, and no overnight guests,  which is strictly prohibited at Holland House.").  From August-thru-Jul72015, former T.I.P.S. Participant Bonnie, was encouraged by Barlow, to stay beyond the 8pm curfew as Shelley's guest, which extended to Bonnie spending the nights with Shelley during week, to staying the entire weekends with Shelley, which gave Bonnie opportunities to continue her racially motivated harassment against me, in spite of complaints from myself, and the on-site Caretakers, to Barlow about Bonnie being at Holland House causing trouble, etc.

13. I state a claim under 42 U.S.C. § 2000d et seq, 42 U.S.C. § 3604(b), 42 U.S.C. § 1985(3), and Hostile Housing Environment, that former T.I.P.S. Participant Bonnie, visiting with Shelley, comes into the kitchen with Shelley, and make racially disparaging remarks to Shelley about me loud enough for me to hear through my ear buds, saying "Il bet she's listening to jungle music..." then Bonnie starts making sounds like a monkey, in front of me, etc.

14. I state a claim under 42 U.S.C. § 2000d et seq, 42 U.S.C. § 3604(b), 42 U.S.C. § 1985(3), and Hostile Housing Environment, that from July-thru-November2014, Shelley violated my civil rights because of my

4

race, when she began harassing me, trying to bait me into reacting to her, doing things such as; 1) Large puddles of dishwasher gel on my assigned counterspace area, on several occasions watching me clean it up, etc. ; 2) On Saturday 15November 2014, as I was moving towards the kitchen sink, Shelley comes into the kitchen, and she comes towards me with a hostile expression on her face, her hands balled into fists, stops about a foot from me, I thought Shelley was going to hit me, but she turns around and leaves the kitchen. ; 3) 20 minutes later, I was at the sink washing/rinsing my dishes, after preparing my meal, listening to music with my ear buds, when Shelley comes up from behind me and without warning, she's trying to grab the neck of the faucet out of my right hand with one hand, and trying to push my left hand off the hot water knob with her other hand. Not saying anything to Shelley, I regained control of the faucet and hot water knob, then Shelley leans down and yells in my ear "You bitch!!" She slams the cabinet doors, as she stalks out of the kitchen. A moment later, I hear Shelley talking to Bonnie, wanting her to come over. Upstairs in my room, I call Program Manager Barlow, but she does not answer. I called the on-site Caretaker Kelly, and I told him what happened. I typed up an incident report of the harassment and slipped it under Barlow's office door.

15.. I state a claim under 42 U.S.C. §2000d et seq, 42 U.S.C. § 3604(b), 42 U.S.C. § 3617(Including 24 C.F.R. §§ 100.400(a)(b)(c)(2)(4-6)), 18 U.S.C. § 241, 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, 28 U.S.C. § 4101(1)(2), and Hostile Housing Environment, that on Thursday 20November2014, Program Manager Barlow violated my civil rights because of my race, tried to deprive me of my freedom, when she and co-conspirator Shelley, conspired to fabricate an allegation of assault, Barlow saying that I was responsible for threatening, intimidating and physically attacking Shelley, from the incident that occurred on 15November2014. Barlow used that allegation as extortion to force me into leaving the T.I.P.S. Program on my own, or be arrested and then evicted by the Board of Directors, etc(Please see COUNT III : INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS # 3).

16. I state a claim under 42 U.S.C. § 2000d et seq, 42 U.S.C. § 3604(b), 42 U.S.C. § 3617(Including 24 C.F.R. §§ 100.400(a)(b)(c)(2)(4-6)), 18 U.S.C. § 241, 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, 28 U.S.C. § 4101(1)(2), and Hostile Housing Environment, that on Monday 24November2014, I went over Program manager Barlow's head and faxed a letter to the T.I.P.S. Board of Directors President Mary Jo Ambrosaini, complaining to her about Barlow, Shelley and former T.I.P.S. Participant Bonnie, conspiring

5

against me to force me out of the T.I.P.S. Program, etc.

17. I state a claim under 42 U.S.C. § 2000d et seq, 42 U.S.C. § 3604(b), 42 U.S.C. § 3617(Including 24 C.F.R. §§ 100.400(a)(b)(c)(2)(4-6)), 18 U.S.C. § 241, 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, 28 U.S.C. 4101(1)(2), and Hostile Housing Environment, that on Monday 24November 2014, Program Manager Barlow, violating my civil rights because of my race, made another attempt to extort me into leaving the T.I.P.S. program, or face eviction by the Board of Directors, when I received from her, a fabricated letter/document from both her and Shelley, depicting me as a volatile, threatening, etc., person, who attacked Shelley, and that Shelley gave a statement to the police, etc.

18. I state a claim under 42 U.S.C. § 2000d et seq, 42 U.S.C. § 3604(b), 42 U.S.C. § 3617(Including 24 C.F.R. §§ 100.400(a)(b)(c)(2)(4-6)), 18 U.S.C. § 241, 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, and Hostile Housing Environment, that on Wednesday 26November2014, my civil rights were violated by former T.I.P.S. Participant Bonnie because of my race.  I did not know until after I was downstairs in the kitchen fixing something to eat, that Bonnie was in the house visiting with Shelley, when after 30 minutes, Bonnie comes into the kitchen, seeing me at the sink washing/rinsing dishes, instigated a similar harassing incident that occurred on 15November2014, when without warning, Bonnie tried to take the neck of the faucet out of my hand, etc., After I regained control, Bonnie is holding a butcher knife in her hand, and starts brandishing, and pointing the butcher knife at me in a threatening manner.  I called 911, etc., and Program Manager Barlow, who gave Bonnie permission to stay overnight with Shelley for Thanksgiving(Please See COUNT III: Intentional Infliction of Emotional Distress # 4).

19. I state a claim under 42 U.S.C. § 2000d et seq, 42 U.S.C. § 3604(b), 42 U.S.C. § 3617(Including 24 C.F.R. §§ 100.400(a)(b)(c)(2)(4-6)), 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, 28 U.S.C. § 4101(1)(2), and Hostile Housing Environment, that on 03December2014, I submitted to Program Manager Barlow, a formal grievance for the T.I.P.S. Board of Directors, against Program Manager Barlow, T.I.P.S. Participant/Holland House resident Shelley, and former T.I.P.S. Participant Bonnie, for racial discrimination, harassment, and conspiring trying to force me to leave the Transitional Housing Program because of my race, etc.

20. I state a claim that on 08December2014, I received from Program Manager Barlow a note/letter, from the Board of Directors President Ambrosaini, wanting to arrange a meeting, to discuss the

6

situation.

21. I state a claim under 42 U.S.C. § 2000d et seq, 42 U.S.C. § 42 U.S.C. 1985(3), 42 U.S.C. § 1986, that on 18December2014, I was informed by Program Manager Barlow, that Board of Directors President Ambrosaini, wants to have a meeting with Barlow and myself, on Monday 22December. I told Barlow that I wanted to have a legal aid representative present on my behalf, and Barlow objected, saying that she will have to talk with Ambrosaini about it. Program Manager Barlow and/or Board of Directors President Ambrosaini, then cancelled the meeting.

22. I claim that on Saturday 20December2014, I filed an online racial discrimination housing complaint with the HUD Housing Agency, and on 05January2015, I mailed a racial discrimination housing complaint to the I.H.R.C.(Idaho Human Rights Commission).

23. I state a claim under 42 U.S.C. § 2000d et seq, 42 U.S.C. § 3604(b), 42 U.S.C. § 3617(Including 24 C.F.R. §§ 100.400(a)(b)(c)(2)(4-6), 18 U.S.C. § 241, 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, and Hostile Housing Environment, that after I filed the formal grievance on 03December2014, the racial discrimination complaints with HUD Housing Agency and the I.H.R.C., against Program Manager Barlow, and co-conspirators, Shelley, and former T.I.P.S. Participant Bonnie, my civil rights continued to be violated, as the harassment against me by Shelley and Bonnie escalated, and Barlow openly defended them, refusing to stop the harassment when I complained to her, etc.

24. I state a claim under 42 U.S.C. § 2000d et seq, 18 U.S.C. § 241, 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, that the T.I.P.S. Board of Directors, never responded to my formal grievance submitted to Program Manager Barlow on 03December2014.

26. I state a claim under 42 U.S.C. § 2000d et seq, 42 U.S.C. § 3604(b), 42 U.S.C. § 3617(Including 24 C.F.R. §§ 100.400(a)(b)(c)(2)(4-6)), 18 U.S.C. § 241, 42 U.S.C. § 1985(3), 42 US.C. § 1986, and Hostile Housing Environment, that Board of Directors President Ambrosaini, Program Manager Barlow, Shelley, and former T.I.P.S. Participant Bonnie, from 03December2014-thru-May2015, that my civil rights continued to be violated:  1) I wrote another letter to Board of Directors President Ambrosaini, on 02February2015, complaining about the escalating, ongoing harassment by Shelley and Bonnie, and that Barlow refused to stop it, etc.  Board of Directors President Ambrosainin, never responded to my letter

of complaint.  2) I wrote another letter to Board President Ambrosaini, on Friday 13February2015, complaining again, about the ongoing, escalating harassment, that included my personal property being damaged, and my vehicle being vandalized, ect., by Shelley and Bonnie, and Program Manager Barlow defending them, refusing to stop it, etc., Board of Directors President Ambrosaini, never responded to my letter of complaint(Please See COUNT III: Intentional Infliction of Emotional Distress # 5/6)........

25.  I state a claim under 42 U.S.C. § 2000d et seq, 18 U.S.C. § 241, 42 U.S.C § 1985(3), 42 U.S.C. § 1986, and Hostile Housing Environment, that on 08July2015, Board of Directors President Ambrosaini, said to me during a phone call, that she is not responsible for the actions of Program Manager Barlow and the others actions, because I did not ask her for help in my letters of complaint to her, so she decided not to intervene to stop the racial discrimination, etc.

8

HOUSING DISCRIMINATION

COUNT II :  DEFAMATION

1.  I state a claim respectfully, that I am suing under the Fair Housing Act, 42 U.S.C. §

3613(1(B))(b(1))(c(2)), the Civil Rights Act of 1866, 1964(42 U.S.C. § 2000d et seq), 42 U.S.C. § 1981,  42

U.S.C. § 1983, 18 U.S.C. § 241 ;  Requesting a jury trial, against the Board of Directors  of the Bonner

Homeless Transitions(Formerly T.I.P.S.), under 24 C.F.R. § 100.7(a)(i)(ii)(iii)(b), 18 U.S.C. § 241, and 42

U.S.C. § 1986 ;  For Defamation and Hostile Housing Environment, under 28 U.S.C. § 4101(1)(2), 18

U.S.C. § 241, 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, by Joanne Barlow Program Manager at the Bonner

Homeless Transitions(Formerly T.I.P.S.) Trestle Creek Community/Holland House property, and co-

conspirators former T.I.P.S. Participants/Holland House residents Bonnie Edgecomb and Michelle

"Shelley" Lang under18 U.S.C. § 241, 42 U.S.C. § 1985(3), and Hostile Housing Environment ;  For

violations of my Constitutional and Civil Rights under the Civil Rights Act of 1866, 1964( 42 U.S.C.§ 2000d

et seq), 42 U.S.C. § 1983 ;  The Fair Housing Act under 42 U.S.C. § 3602(f)(h)(3), 42 U.S.C. § 3604(b), 42

U.S.C. § 3617(Including 24 C.F.R. §§ 100.400(a)(b)(c)(2)(4-6)) and American Disability Act under 42 U.S.C.

§ 12203(a)(b) ;  Based on Race, Black/African American.

In support of the above stated claims, I offer the following facts:

 2  I state a claim under 28 U.S.C. § 4101(1)(2), 42 U.S.C. § 2000d et seq, 42 U.S.C. § 3604(b), 18 U.S.C. §

241, 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, and 42 U.S.C. § 12203(a)(b), and Hostile Housing

Environment, that when Program Manager Barlow could not pressure me to leave the T.I.P.S. Program

on her own, she recruited and then conspired with co-conspirators and T.I.P.S. Participants/Holland

House residents Bonnie Edgecomb and Shelley Lang, to help her to force me to leave the T.I.P.S.

Program.  From March2014-to- July2015, Barlow orchestrated a campaign of defamation against me

with the help of Bonnie and Shelley, by warning and pressuring every current and new resident living

throughout the T.I.P.S. Trestle Creek Community and Holland House property, to stay away from me

because I am a threatening, intimidating, volatile, angry person, I harass people, I have a mental illness, I

am crazy, with a mental disease, physically attacking residents, etc. to deprive me of my civil rights, and

deprive me of my rights as a T.I.P.S. Participant, etc., because of Program Manager Barlow's racial

prejudice against me, etc.

3. I state a claim under 28 U.S.C. § 4101(1)(2), 42 U.S.C. § 1985(3), and Hostile Housing Environment,

that defamatory statement(s) were made to former T.I.P.S. Participant/Holland House resident named

Veda _____, in her witness statement said: "Bonnie talked to me about you being crazy, and

she kept pressuring me to stay away from you. I told Bonnie that I make up my own mind about you,

that I liked you. Bonnie and Shelley started harassing me, they kept after me until they forced me out of

Holland House because I wouldn't stay away from you...(Given on Monday 11May2015)."

4. I state a claim under 28 U.S.C. § 4101(1)(2), 42 U.S.C. § 2000d et seq, 42 U.S.C. § 3602(f)(h)(3), and 42

U.S.C. § 3604(b), 18 U.S.C. § 241, 42 U.S.C. § 1985(3), 42 U.S.C. § 12203(a)(b), and Hostile Housing

Environment, that on Friday 30May2014, Holland House resident Bonnie, slandered me, violating my

civil rights, because of my race, when she interfered with my right to reside in Holland House as a T.I.P.S.

Participant, by verbally attacking me as she followed me out of the kitchen up the stairs to my room,

saying repeatedly "You have mental problems. You're always angry. You don't belong here. Nobody

wants to talk to you. You need to leave, you're not from this state, I'm from this state, I belong here, I

don't want you here, you need to go back where you came from."

5. I state a claim under 28 U.S.C. § 4101(1)(2), 42 U.S.C. § 2000d et seq, 42 U.S.C. § 3604(b), 42 U.S.C. §

3617(Including 24 C.F.R. §§ 100.400(a)(b)(c)(2)(4-6)), 18 U.S.C. § 241, 42 U.S.C. § 1985(3), 42 U.S.C. §

1986, and Hostile Housing Environment, that on Thursday 20November2014, I was slandered by

Program Manager Barlow, who conspired with Shelley to violate my civil rights, threatened my freedom

because of my race, by fabricating an allegation that I threatened and intimidated, while physically

attacking, pushing and grabbing Shelley's arm, etc., as extortion to force me leave the T.I.P.S. program

on my own, or be arrested for assault and eviction by the T.I.P.S. Board of Directors. Barlow said that

Shelley will be calling the police to have me arrested for assaulting her, and that I can expect to be

arrested at any time, etc. When I denied doing anything to Shelley, Barlow interrupted me and said

"When will you be leaving the program?" When I didn't answer, Barlow said "Well, you can expect to be

arrested then, etc.

6. I state a claim under 28 U.S.C. § 4101(1)(2), 42 U.S.C. § 2000d et seq, 42 U.S.C. § 3604(b), 42 U.S.C. § 3617(Including 24 C.F.R. §§ 100.400(a)(b)(c)(2)(4-6)), 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, and Hostile Housing Environment, that on Monday 24November2014, Program Manager Barlow, and Shelley conspired together and made a libelous statement in a fabricated letter/document, that I received from Barlow, which described me as a volatile, threatening person, who physically assaulted Shelley, and that Shelley gave a statement to the police, etc.

7. I state a claim under 28 U.S.C. 4101(1)(2), 42 U.S.C. § 2000d et seq, 18 U.S.C. § 241, 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, and Hostile Housing Environment, that on Saturday 12April2015, defamatory statements were made to former T.I.P.S. Participant/Holland House resident named Susan Jahn, in a witness statement said: (1) When she became a resident at Holland House, she was warned by Program Manager Barlow not to talk to me and to stay away from me, and that Shelley, began telling her things about me, warning her to stay away from me, that I cause trouble, that I don't like people, etc. (2) Susan said that Shelley also talked to the other residents within the Trestle Creek Community about staying away from me because of my threatening and intimidating manner. (3) Susan said that a couple of weeks ago, Barlow and Shelley, were pressuring her to agree with them that I was being threatening and intimidating to her. (4) Susan said that one day, Shelley saw her talking to me and that Shelley warned her again about talking to me, to leave me alone. Susan then said to Shelley "She's not bothering me, I get along with Jo, I don't have a problem with her." (5) Susan said that since she has been a resident for almost two months, that she has observed many times how Shelley and I interact with each other when we were in the kitchen, saying that she has never seen me talk to Shelley or even interact with Shelley in any way since she's been a resident at Holland House.

8. I state a claim under 28 U.S.C. § 4101(1)(2), 18 U.S.C. § 241, 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, 42 U.S.C. § 2000d et seq, Hostile Housing Environment, that former T.I.P.S. Participants/Holland House residents Veda and Susan Jahn's witness statements is further corroborated by statements to the I.H.R.C., during their preliminary investigation of my discrimination complaint on 03February2015: Shelley's libelous statement(s) saying in part: "...at having to warned new residents here to stay away from Ms. Guion ; "I also feel discriminated and intimidated by Ms. Guion..." ;   "...impeded by her ongoing threatening behavior." Bonnie's libelous statement(s) saying in part: "This person has

11

discriminated against, threatening every resident as witnessed by me, and personally against me It's obvious she has personal issues, we were instructed to stay away from her and not interact with her." "I would also have a case for assault against her because she literally grabbed my arm with both hands and she shook me prior to calling the police…"

9. I state a claim under 28 U.S.C. § 4101(1)(2), 42 U.S.C. § 12203, 42 U.S.C. § 3602(h)(3), 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, 42 U.S.C. § 2000d et seq, and Hostile Housing Environment, that on Saturday 02May2015, Program Manager Barlow slandered me, violating my civil rights because of my race, when Tammy Johnson, the on-site Caretaker for the T.I.P.S. Trestle Creek Community/Holland House property, said to me, that Program Manager Barlow has talked to her as well as to the residents throughout the Trestle Creek Community/Holland House property, saying that I am crazy, that I have some kind of mental disease that I am taking medication for, etc., and for the caretakers as well as the residents to not talk to me and to stay away from me.  Program Manager Barlow did this in retaliation because I sent the I.H.R.C. Investigator photocopies of racially discriminatory housing rental of a cabin with no indoor plumbing, a woodstove for cooking and heating, that Barlow gave to me.

10. I state a claim under 42 U.S.C. § 4101(1)(2), 42 U.S.C. § 1986, 42 U.S.C. § 2000d et seq, and Hostile Housing Environment, that Shyrelle Johnson, daughter of Tammy Johnson, was present with her mother in Program Manager's Barlow's office in Holland House, when Barlow spoke to Tammy Johnson about me.

HOUSING DISCRIMINATION

COUNT III :  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1.  I state a claim respectfully, that I am suing under the Fair Housing Act, 42 U.S.C. §

3613(1(B))(b(1))(c(2)), the Civil Rights Act of 1866, 1964(42 U.S.C. § 2000d et seq), 42 U.S.C. § 1981, 42

U.S.C. § 1983, 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, and 18 U.S.C. § 241 ;  Requesting a jury trial, against

the Board of Directors of the Bonner Homeless Transitions(Formerly T.I.P.S.), under 24 C.F.R. §

100.7(a)(i)(ii)(iii)(b), 42 U.S.C. § 1986, 18 U.S.C. § 241 ;  For Intentional Infliction Of Emotional Distress by

Board of Directors President Mary Jo Ambrosaini,  Joanne Barlow, Manager at the Bonner Homeless

Transitions(Formerly T.I.P.S.) Trestle Creek Community/Holland House property, and co-conspirators

former T.I.P.S. Participants/Holland House residents Bonnie Edgecomb, and Michelle "Shelley" Lang

under 42 U.S.C. § 1985(3), 18 U.S.C. § 241, and Hostile Housing Environment ;  For violating my

Constitutional and Civil Rights under the Civil Rights Act under 1866, 1964( 42 U.S.C. § 2000d et seq),

1981,1983; The Fair Housing Act(FHA) under 42 U.S.C. § 3602(h), 42 U.S.C. § 3604(b), and 42 U.S.C. §

3617(Including 24 C.F.R. §§ 100.400(a)(b)(c)(2)(4-6)) ; American Disability Act under 42 U.S.C. §

12203(a)(b) ; Based on Race,  Black/African American.

In support of the above stated claim, I offer the following facts:

2.  I state a claim under 1964(42 U.S.C. § 2000d et seq), 18 U.S.C. § 241, 42 U.S.C § 1983, 42 U.S.C.

§1985(3), 42 U.S.C. § 3602(h), 42 U.S.C. § 3604(b) and 42 U.S.C. § 3617(including 24 C.F.R. §§

100.400(a)(b)(c)(2)(4-6), 42 U.S.C. § 12203(a)(b), and Hostile Housing Environment, that on Friday

27June2014, Program Manager Barlow intentionally inflicted emotional distress upon me, when she

violated my civil rights, interfering with my right to engage in a protected activity, by refusing to give me

access to the contact information for the Housing Agency, information I needed for filing a race

discrimination complaint against her and Bonnie, that was not posted on the bulletin board outside of

her office in Holland House.  Barlow threatened to have harassment charges brought against me by

former and current residents throughout the T.I.P.S. Trestle Creek property, and by her predecessor

former Program Manager Lissa De Freitas, would also bring harassment charges against me if I

contacted the Housing Agency. When I protested that I have a right to the Housing Agency information, Barlow said if I contacted the Housing agency, I would be evicted, that the Board of Directors would evict me. When I protested again, Barlow used my personal situation against me, of being disabled, losing my job because of the disability, having no income, etc., to put the fear in me of becoming homeless with my disability, if I am evicted by the Board of Directors. Barlow convinced me that the Board of Directors have the authority to evict me if I talked to the Housing Agency. I believed her. The fear of being homeless, with nowhere else to go, forced me to change my mind about contacting the Housing Agency.

3. I state a claim under 1964(42 U.S.C. §2000d et seq), 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, 18 U.S.C. § 241, 42 U.S.C. § 3604(b), 42 U.S.C. § 3617(Including 24 C.F.R. §§ 100.400(a)(b)(c)(2)(4-6)), and Hostile Housing Environment, that on Thursday 20November2014, Program Manager Barlow, Intentionally Inflicted Emotional Distress upon me, violating my civil rights, trying to take away my freedom as a law abiding citizen, and my rights as a T.I.P.S. Participant, residing in Holland House because of my race. Barlow and co-conspirator Shelley, conspired to use extortion, to force me into leaving the T.I.P.S. Transitional Housing Program on my own, or be arrested for physical assault and eviction by the T.I.P.S. Board of Directors. Barlow, and co-conspirator Shelley, used an incident of harassment by Shelley, that occurred on Saturday15November2014, fabricated a story, in which I was accused by Barlow, of being threatening and intimidating, etc., while pushing, grabbing Shelley's arm while physically attacking her. Barlow said that Shelley talked to the police, made out a complaint to have me arrested for physical assault, and that I should expect to be arrested at any time. When I denied doing anything to Shelley, Barlow interrupted me and said "When are you leaving the program?" When I didn't answer, Barlow said "Well, you can expect to be arrested, then." Reacting out of fear, believing that I was about to be arrested for something that never happened, I called an out-of-state family member, told him what happened, and he told me to go to the police, that I was being set up. On Friday 21November2014, I went to the Bonner County Sheriff's Department, expecting to be arrested, I gave a statement to Deputy Matt Wallace. I told the Deputy what happened, and that Barlow is conspiring with Shelley, etc., to force me out of the T.I.P.S. program, etc. Deputy Wallace, advised me to get a voice recorder, etc. I then went over Barlow's head to stop her and Shelley from having me

14

arrested and evicted from the T.I.P.S. Program, by faxing a letter of complaint to T.I.P.S. Board of Directors President Mary Jo Ambrosaini, on Monday 24November2014, complaining that Program Manager Barlow and Shelley, are conspiring to have me arrested for physical assault, as a means to have me evicted from the T.I.P.S. program, and that Barlow is also conspiring with former T.I.P.S. Participant Bonnie, to force me out, etc.  For several weeks I lived in fear, suffering from stress-related outbreaks of skin rashes on my body, sleepless nights, etc., waiting to be arrested.

4.  I state a claim under 1964( 42 U.S.C. § 2000d et seq), 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, 18 U.S.C. § 241, 42 U.S.C. § 3604(b), 42 U.S.C. § 3617(Including 24 C.F.R. §§ 100.400(a)(b)(c)(2)(4-6)), and Hostile Housing Environment, that on Wednesday 26November2014, former T.I.P.S  Participant Bonnie Edgecomb, violated my civil rights and my rights as a T.I.P.S. Participant because of my race, when she intentionally inflicted emotional distress upon me during an incident of harassment by Bonnie.  Not knowing that Bonnie was in Holland House visiting with Shelley, until approximately 30 minutes later, when I'm at the kitchen sink washing/rinsing my dishes.  Bonnie comes into the kitchen and she did exactly the same thing that Shelley did to me in an incident two weeks ago on 15November, without warning, tried to wrestle control of the faucet and hot water knob from me, while I was rinsing my dishes, etc.  When Bonnie could not get control, she turned to face me, holding a butcher knife in her hand, brandishing, and pointing the butcher knife at me that I felt was threatening. I called 911.  The Bonner County Sheriff's Deputies came to Holland House, took statements from Bonnie, Shelley and myself.  I recorded the entire incident on a voice recorder.  The Deputies told all of us to stay away from each other.  I called the on-site Caretakers residence, and spoke to Kelly, told him what happened, and Kelly said that Barlow, gave Bonnie permission to stay the night with Shelley, so she could spend Thanksgiving day with Shelley.  I called Barlow, told her what happened, and her response was which police department came over to Holland House, I told her and she ended the call.  I did not go back downstairs the rest of the day or night, too upset to eat, and not wanting another confrontation with Bonnie, since she was in the house.  I suffered another breakout of skin rashes on my body, from the stress, etc.

5.  I state a claim under 1964(42 U.S.C. § 2000d et seq), 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, 18 U.S.C. § 241, 42 U.S.C. § 3604(b), 42 U.S.C. § 3617(including 24 C.F.R. §§ 100.400(a)(b)(c)(2)(4-

15

6)), and Hostile Housing Environment, that from 03December2014-thru-March2015, Program Manager Barlow, and co-conspirators Shelley Lang and former T.I.P.S. Participant Bonnie Edgecomb, continued to deprived me of my civil rights and my rights as a T.I.P.S. Participant residing in Holland House, by Intentionally Inflicting Emotional Distress, upon me, in retaliation after I filed a formal grievance against them for racial discrimination, that was given to Barlow, for submission to the Board of Directors, on 03December2014, and for filing a racial discrimination complaint against them with the HUD Housing Agency on 20December2014, and the I.H.R.C.(Idaho Human Rights Commission), on 05January2015. Former T.I.P.S. Participant Bonnie, and Holland House resident Shelley, escalated the harassment, by depriving me of my right to use the kitchen facilities, etc., damaging my personal property(dishes and bakeware, etc.), and vandalizing my car, by keying both sides of my vehicle, from front-to-rear, denting my vehicle on the driver's side door, etc. I went to the on-site Caretakers residence and asked caretaker Tammy Johnson to call Program Manager Barlow, about the vandalism, then I went to the Bonner County Sheriff's Department to report my car being vandalized by Bonnie and Shelley, telling the Deputy about the ongoing, escalating harassment, because of racial discrimination, etc. The Deputy took photos of the damage, and he told me that an open file will be kept,, etc. I suffered another breakout of rashes on my body, began missing meals, etc., from the stress, because I did not want to be downstairs, especially whenever Bonnie was visiting with Shelley, and/or staying the night, etc.

6. I state a claim under 1964(42 U.S.C. § 2000d et seq), 42 U.S.C. § 1983, 42 U.S.C. § 42 1985(3) 42 U.S.C. § 1986, 18 U.S.C. § 241, 24 C.F.R. § 100.7(a)(i)(ii)(iii)(b), and Hostile Housing Environment, that my civil rights, and my rights as a T.I.P.S. Participant, continued to be violated by Intentional Infliction of Emotional Distress by Program Manager Barlow and her co-conspirators Shelley, and former T.I.P.S. Participant Bonnie, by the Board of Directors, who never responded to my formal grievance, submitted on 03December2014, and by Board of Directors President Ambrosaini. On 08December2014, Program Manager Barlow gave me a note from Board of Directors President Ambrosaini, who wanted to meet with me to discuss the situation. On 18December2014, Barlow informed me that Board President Ambroasini, wanted to meet with Barlow and myself on Monday22December2014. I said to Barlow that I wanted to have a legal aid representative present on my behalf, but Barlow objected, saying that she will have to talk to Ambrosaini about it. The meeting was cancelled. When the ongoing harassment

16

escalated from 03December2014-thru-March2015, by Shelley and former T.I.P.S. Participant Bonnie, and Barlow refusing to stop the harassment, I mailed another letter on Monday 02February2015, to Board President Ambrosaini, complaining to her about the ongoing harassment and Barlow doing nothing to stop it.  There was no response from Ambrosaini.  On Monday 16February2015, I mailed another letter of complaint to Board President Ambrosaini, after my personal property was damaged, etc., and my vehicle vandalized by Bonnie and Shelley, on Friday 13February2015, Board President Ambrosaini, still did not respond.

On 08July2015, Board of Directors President Ambrosaini, said to me during a phone conversation, that she did not intervene to stop Barlow and the others, because she is not responsible for Program Manager Barlow and the others actions since I never asked her for help, when I wrote to her complaining about the ongoing discrimination by Barlow, Shelley and Bonnie, et

REQUEST FOR RELIEF:

COUNT I RACE and HOSTILE HOUSING ENVIRONMENT:

I state a claim respectfully, asking that I be made whole for the intentional harm done to me by Program

Manager Barlow and her co-conspirators, for depriving me of my Constitutional Civil Rights as a

participant in the T.I.P.S. Transitional Housing Program because of my race.  I ask relief of $100,000.00 in

damages under 24 C.F.R. § 100.7(a)(b), 42 U.S.C. § 1986, 42 U.S.C. § 1981(a), 24 U.S.C. § 1982, 601 of

Title VI, 42 U.S.C. § 2000d et seq ;  $100,000.00 in punitive damages, under 24 C.F.R. § 100. 7(a)(b), 42

U.S.C. § 1986, 42 U.S.C. § 1981(b), 42 U.S.C. § 1982, 601 of Title VI, 42 U.S.C. 2000d et seq, against the

Board of Directors and Board of Directors Ambrosaini, for their reckless disregard and knowledge of my

Constitutional and Civil Rights being violated by Program Manager and her co-conspirators, and doing

nothing to stop it, etc., because of racial discrimination ;  Attorney's fees under 42 U.S.C. § 1988(b) and

42 U.S.C. § 3613(c)(2).

COUNT II DEFAMATION:

I state a claim respectfully, asking that I be made whole for the intentional harm done by Program

Manager Barlow and her co-conspirators, to my reputation as a law-abiding citizen, with no history of

threatening, intimidating, harassing, etc., behavior, or being mentally ill, nor having a history of mental

illness, depriving me of my Constitutional and Civil Rights, attempting to deprive me of my freedom,

etc., because of my race.  I ask for relief of $200,000.00 in punitive damages under 24 C.F.R. § 7(a)(b), 42

U.S.C. § 1986, 601 Title VI 42 U.S.C. § 2000d et seq, 42 U.S.C. § 1981(b), 42 U.S.C. § 1982, for the malice,

reckless disregard and knowledge of my Constitutional and Civil Rights being violated by Program

Manager and her co-conspirators ; Attorney's fees under 42 U.S.C. § 1988(b), and 42 U.S.C. § 3613(c)(2).

COUNT III INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS:

I state a claim respectfully, asking that I be made whole for the Intentional Infliction of Emotional

Distress, for the mental and physical distress brought on by the fear of becoming homeless, through

coercion to prevent me and deprive me of my right to complain about the racial discrimination to the

18

Housing Agency, by Program Manager Barlow ; I lived with fear for weeks, waiting to be arrested, losing

my freedom, to be evicted from the T.I.P.S. Transitional Housing Program by the Board of Directors,

because of Program Manager Barlow and her co-conspirator fabricating an allegation of assault, that

they used as extortion to make me choose between losing my freedom or leaving the T.I.P.S. program

on my own, depriving me of my Constitutional and Civil Rights, because of my race ;  The hostile housing

environment, in retaliation for filing a formal grievance, and discrimination complaints, vandalizing my

vehicle, damage to my personal property, etc.  I ask for relief of $100,000.00 in damages under 24 C.F.R.

§ 100.7(a)(b), 42 U.S.C. §1986, 42 U.S.C. § 1981(a), 42 U.S.C § 1982, 601 Title VI, 42 U.S.C. § 2000d et seq

; $100,000.00 in punitive damages under 24 C.F.R. § 100.7(a)(b), 42 U.S.C. § 1986, 42 U.S.C. § 1981(b),

601 Title VI, 42 U.S.C. § 2000d et seq, against the Board of Directors and Board of Directors President

Ambrosaini, for their malice, reckless disregard and knowledge of my Constitutional and Civil Rights

being violated by Program Manager and her co-conspirators ; Attorney's fees under 42 U.S.C. § 1988(b),

42 U.S.C. § 3613(c)(2).

Josephine Guion, Pro Se

27April2018

19

IS EMPLOYED AS _BOARD OF DIRECTORS_ _BOARD MEMBER_ at _Banner Homeless Transitions (Formerly Transitions In Progress Service (T.I.P.S.)_
(Position and Title if Any)          (Organization)
Was the defendant acting under the authority or color of state law at the time these claims occurred?

YES ___ NO _✓_. If your answer is "YES" briefly explain.

_____

_____

_____


6.    NAME OF FOURTH DEFENDANT_____
     (If applicable)

    IS A CITIZEN OF_____
                    (city and State)

    IS EMPLOYED AS_____ at _____.
          (Position and Title if Any)          (Organization)
          Was the defendant acting under the authority or color of state law at the time these claims occurred?

    YES ___ NO___.  If your answer is "YES" briefly explain.

    _____

    _____

    _____


(Use additional sheets of paper if necessary.)


## B. NATURE OF CASE

1.    Why are you bringing this case to court?  Please explain the circumstances that led to the problem.
      _____ _VIOLATIONS OF MY CIVIL RIGHTS, UNDER THE ANTI —_

RETALIATION PROVISION OF THE FAIR HOUSING ACT BECAUSE OF

RACE, BY CONSPIRACY, NEGLECT, ETC. DEFAMATION, ETC.

## C. CAUSE OF ACTION

1. I allege that my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations: (If necessary you may attach additional pages)

    a. (1) Count I: RETALIATION

    (2) Supporting Facts: (Describe exactly what each defendant did or did not do. State the facts clearly in your own words without citing legal authority or arguments.) 1) PROGRAM MANAGER BARLOW RETALIATED AGAINST ME VIOLATING MY CIVIL RIGHTS TRYING TO PRESSURE ME INTO LEAVING THE T.I.P.S. PROGRAM BECAUSE OF MY RACE, BY CONSPIRACY, DEFAMATION, HOSTILE HOUSING ENVIRONMENT, EXTORTION, ETC. 2) RETALIATION BY THE T.I.P.S. BOARD OF DIRECTORS FOR FILING DISCRIMINATION COMPLAINTS, A FORMAL GRIEVANCE, AGAINST BARLOW AND HER CO-CONSPIRATORS FOR VIOLATIONS OF MY CIVIL RIGHTS BECAUSE OF RACE, ETC. 3) RETALIATION BY T.I.P.S. BOARD OF DIRECTORS PRESIDENT AMBROSAINI AND BARLOW'S OBJECTION TO LEGAL AID TO AID PRESENT AT A MEETING WHICH THEY CANCELLED, ETC. 4) RETALIATION BY BOARD OF DIRECTORS PRESIDENT AMBROSAINI'S REFUSAL TO RESPOND TO MY LETTERS OF COMPLAINT ABOUT THE ONGOING, ESCALATING HARASSMENT BY BARLOW'S CO-CONSPIRATORS, ETC. — PLEASE SEC ATTACHED —

    b. (1) Count II: _____

    _____

    (2) Supporting Facts: _____

    _____

    _____

    _____

_____

c.   (1)   **Count III:** _____

_____

(2)   **Supporting Facts:** _____

_____

_____

_____

_____

## D. INJURY

1.   **How have you been injured by the actions of the defendant(s)?** I suffered from mental and physical distress, stress-related outbreaks of skin rashes on my body, etc., as a result of: 1) Program Manager Barlow and her co-conspirators ongoing deprivation of my civil rights as a participant in the T.I.P.S. program because of my race — 2) Barlow instilling fear in me becoming homeless, as coercion to prevent depriving me of my civil right to complain about the racial discrimination, etc. — 3) The fear of almost losing my freedom as a law abiding citizen by Barlow and a co-conspirator, who vilified my character through slander and libel that they created and then used against me as extortion to try and force me to leave the T.I.P.S. program or face arrest for assault, because of my race, etc. — 4) I suffered further by T.I.P.S. Board of Directors failure to respond to my formal grievance, and retaliation for filing my discrimination complaints that escalated the hostile environment at Holland House, etc. — 5) Board of Directors President Ambrosaini's intentional refusal to stop the escalating harassment, ongoing deprivation of my civil rights, property damage, vandalize of my vehicle, when I complained to her by letters telling her about the discrimination — Ambrosaini said to me that she is not responsible, etc.

## E. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1.   **Have you filed other lawsuits in state or federal court that deal with the same facts that are involved in this action or otherwise relate to the conditions of your imprisonment?  YES__ ___ / NO __✓__.  If your answer is "YES," describe each lawsuit.  (If there is more than one lawsuit, describe additional lawsuits on additional separate pages, using the same outline.)**

a.   **Parties to previous lawsuit:**

Plaintiff(s): _____

Defendant(s): _____

b.    Name of court and case or docket number: _____

c.    Disposition (for example: Was the case dismissed?  Was it appealed?  Is it still pending?) _____

d.    Issues raised: _____

_____

_____

e.    When did you file the lawsuit? _____
                                        Date       Month      Year

f.    When was it (will it be) decided? _____

2.    Have you previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part C? YES ✓ / NO _____. If your answer is "YES" briefly describe how relief was sought and the results.   If your answer is "NO" explain why administrative relief was not sought.

1) FILED AN ONLINE HUD HOUSING DISCRIMINATION COMPLAINT ON SATURDAY 20 DECEMBER 2014 2) FILED A DISCRIMINATION COMPLAINT WITH THE IDAHO HUMAN RIGHTS COMMISSION (I.H.R.C.) ON 05 JANUARY 2015 — THE I.H.R.C. IN THEIR DECISION, RECEIVED ON 23 FEBRUARY 2018, SAID THERE WAS NO DISCRIMINATION.

_____

## F. REQUEST FOR RELIEF

1.    I believe that I am entitled to the following relief:

PLEASE SEE ATTACHED

**HOUSING DISCRIMINATION**

**COUNT I:  RETALIATION**

1.  I state a claim that I am suing under the Fair Housing Act 42 U.S.C. § 3613(1(B))(b(1))(c(2)), Civil Rights Act of 1866, 1964(42 U.S.C. § 2000d  et seq), 42 U.S.C. § 1981, 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, 18 U.S.C. § 241, 28 U.S.C. § 4101(1)(2), respectfully requesting a jury trial, against the Board of Directors, of the Bonner Homeless Transitions Transitional Housing Program( Formerly Transitions In Progress Services( T.I.P.S.)), under 24 C.F.R.§ 100.7(a)(i)(ii)(iii)(b), 42 U.S.C. § 1986, 18 U.S.C. § 241 for Retaliation ;  Retaliation by Joanne Barlow, Program manager at the Bonner Homeless Transitions(Formerly Transitions In Progress Services(T.I.P.S.)) Trestle Creek Community/Holland House property, and former T.I.P.S. Participants/Holland House residents Bonnie Edgecomb, and Michelle "Shelley" Lang, for Retaliation, under 42 U.S.C. § 1985(3), 18 U.S.C. § 241, 42 U.S.C. § 1986, 42 U.S.C. § 4101(1)(2) ; For violations of the Anti-Retaliation Provisions under Sections 803, 804, 805, 806, and 818 of the Fair Housing Act( including 24 C.F.R. §§ 100.400(a)(b)(c(4-6)); The Civil Rights Act of 1866, 1964(42 U.S.C. § 2000d et seq), 42 U.S.C. § 1981, 42 U.S.C. §1982;  The American Disability Act under 42 U.S.C. § 12203(b)(c) ; Based on: Race, Black/African American.
In support of the above stated claim, I offer the following facts:

2.  I state a claim that I became a participant in the two-year program of the T.I.P.S. Transitional Housing Program in July2013.   In January 2014, I suffered a workplace injury, that later became a documented permanent disability in March 2014.

3.  I state a claim under 42 U.S.C. § 3604(b), 42 U.S.C. § 3617, that in November2013, Joanne Barlow the new Program Manager for the T.I.P.S. Trestle Creek Community/Holland House property, violated the Anti-Retaliation Provision, interfering with my rights as a T.I.P.S. Participant residing at Holland House because of my race, when she met me for the first time, and seeing that I am a Black/African American, she tried to coerced me into moving out of

1

Holland House.  Barlow said "Don't you feel oppressed living here in Idaho? Don't you feel oppressed by how people(whites) treat you?  I'm from the 'South' and I know how African Americans feel being oppressed about living in places like Idaho."  "Aren't you ready to leave this place, wouldn't you feel better living somewhere else, where you would feel more comfortable with your own kind?"  After her talk with me, Barlow pressured me almost weekly about finding another place to live.

4.  I state a claim under 42 U.S.C. § 3604(b), 42 U.S.C. § 3617 and Hostile Housing Environment, that in February2014, Program Manager Barlow, violated the Anti-Retaliation Provision, interfering with my rights as a T.I.P.S. Participant residing at Holland House because of my race, when she tried to coerce me into moving out of Holland House into a racially discriminatory housing rental of a rundown, one-room shack, etc., that Barlow showed me pictures of on her computer, insisting that I move out of Holland House into the available rental right away, which I refused.

5.  I state a claim under 42 U.S.C § 3604(b), 42 U.S.C. § 3617(Including 24 C.F.R. §§ 100.400(a)(b)(c)(2)(4-6)), 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, 18 U.S.C. § 241, 28 U.S.C. § 4101(1)(2), and Hostile Housing Environment, that from March2014-thru-May2015, Program Manager Barlow violated the Anti-Retaliation Provision, by retaliating against me because of my race, when she recruited and conspired with T.I.P.S. Participants/Holland House residents Bonnie Edgecomb and Michelle "Shelley" Lang, to help her try and force me out of the T.I.P.S. Program.  Barlow orchestrated a campaign of defamation against me, conspiring with Bonnie and Shelley from March2014-thru-May2015, warning and pressuring every current and new resident residing in Holland House and throughout the Trestle Creek Community property to stay away from me because I am a threatening, intimidating, angry volatile person, I harass people, I am crazy, etc.( from witness statements given by former T.I.P.S. Participants Susan Jahn, and Veda_____, in April and May2015, and from witness statements from Bonnie

2

Edgecomb and Shelley Lang, during the preliminary I.H.R.C. discrimination complaint investigation April2015).

6. I state a claim under 42 U.S.C. § 3604(b), 42 U.S.C. § 3617, 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, 18 U.S.C. § 241, and Hostile Housing Environment, that during March-thru May2014, T.I.P.S. Participant/Holland House resident Bonnie, violated the Anti-Retaliation Provision, interfering with my civil rights in the exercise or enjoyment and use of the kitchen facilities in Holland House, by racially motivated incidents of harassment, trying to bait me into reacting to her racially disparaging remarks to me with Shelley present, whenever I was in the kitchen area, talking about my eating beans and cornbread, the "rag" I wear to cover my "nappy" hair, and of my listening to that "black shit" music ; Bonnie staring me down, deliberately blocking my access to use the stove, whenever I wanted to cook my food on the stove, etc., trying to bait me into reacting to her ; I bought a portable double burner, and a microwave oven, to use in my assigned counterspace area, and planned my meals either before or after Bonnie and Shelley were in the kitchen preparing their meals, etc., to avoid being around Bonnie and Shelley ; Bonnie began leaving notes on my assigned counterspace area, that were accusatory, trying to bait me into reacting to her ; I complained to Barlow about Bonnie harassing me.

7. I state a claim under 42 U.S.C. § 3604(b), 42 U.S.C. § 3617, 42 U.S.C. § 1985(3), 18 U.S.C. § 241, 42 U.S.C. § 1986, and Hostile Housing Environment, that on Thursday 29May2014, Bonnie violated the Anti-Retaliation Provision, by instigating another harassment incident that involved an accusatory note that was racially motivated by Bonnie, from witness statements given by Tammy Johnson and her husband Kelly, the T.I.P.S. on-site Caretaker couple for the Trestle Creek property. In Tammy Johnson's written witness statement:  "Bonnie said to me 'I left that note on purpose to piss Jo off.  I hope she gets kicked out.  I'm so tired of that little nigger!'" Kelly's witness statement:  "I only caught the tail-end of Bonnie talking to Tammy, but she said the n-word.  I knew she was talking about you."  I complained to Program Manager Barlow, about Bonnie's harassment.

3

8.  I state a claim under 42 U.S.C. § 3604(b), 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, 18 U.S.C. § 241, 28 U.S.C. § 4101(1)(2), and Hostile Housing Environment, that on Thursday 29May2014, Bonnie violated the Anti-Retaliation Provision, when she verbally attacked me, saying: "You have mental problems, you're always angry.  You don't belong here.  Nobody wants to talk to you.  You need to leave. "  As I left the kitchen with my dinner, Bonnie was right behind me, following me up the stairs to my room, repeatedly saying to me: "You need to leave, I don't want you here. You need to go back where you came from."  When I reached the door to my room, Bonnie turns around and goes back downstairs.  I complained to Program Manager Barlow, what Bonnie said to me.  I filed a formal grievance against Bonnie, which was submitted to Barlow, who then submitted it to the T.I.P.S. Board of Directors.

9..  I state a claim under 42 U.S.C. § 3604(b), 42 U.S.C. § 3617(Including 24 C.F.R. §§ 100.400(a)(b)(c)(2)(4-6)), 42 U.S.C. § 12203(a)(b), 42 U.S.C. § 1986, 18 U.S.C. § 241,, and Hostile Housing Environment, that on Friday 27June2014, Program Manager Barlow, violated the Anti-Retaliation Provision when she intentionally inflicted emotional distress upon me, depriving me of my right to engaged in a protected activity, by refusing to give me the Housing Agency contact information that I asked her for, which was not posted on the bulletin board outside of her office in Holland House.  I told her that I wanted to talk to someone at the Housing Agency about the process for filing a race discrimination complaint.  Barlow threatened me by saying that if I talked to the Housing Agency, then charges of harassment would be filed against me by current and former residents throughout the T.I.P.S.  Trestle Creek Community/Holland House property, and that her predecessor former Trestle Creek Community/Holland House Program Manager Lissa DeFreitas, would also bring charges of harassment against me.  I protested, telling Barlow, that I have a right to contact the Housing Agency if I wanted to.  Barlow replied saying that if I talked to the Housing Agency, I would be evicted, that the Board of Directors would evict me from the T.I.P.S. Transitional Housing Program.   When I protested again, Barlow, used my personal situation of being disabled with a permanent medical disability, the

4

loss of my job because of the disability, no income, etc., to put me in fear of becoming homeless, if I am evicted for contacting the Housing Agency. Barlow convinced me that the Board of Directors have the authority to evict me if I contacted the Housing Agency. I believed her. The fear of being homeless, having nowhere else to go, with a disability, no current income, etc., forced me to change my mind about contacting the Housing Agency.

10. I state a claim under 42 U.S.C. § 3604(b), 42 U.S.C. § 2000d et seq, that on 28June2014, the T.I.P.S. Board of Directors in their decision of my formal grievance, against Bonnie, violated the Anti-Retaliation Provision in their disparate treatment against me. The Board of Directors ensured Bonnie's right, to continue exercising her right of full enjoyment and use, of the kitchen facilities, to prepare and eat her meals in peace, while I was offered the "accommodation" of preparing and eating my meals in my small room at all times, using only a crock pot and microwave oven, further depriving me of the same rights and privileges that Bonnie continued to enjoy. I refused to accept the Board of Director's accommodation.

11. I state a claim that Bonnie moved out of Holland House into her own nearby apartment in July2014, and was no longer a T.I.P.S. Participant, residing in Holland House.

12. I state a claim under 42 U.S.C. § 3604(b), 42 U.S.C. § 3617, 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, 18 U.S.C. § 241, 42 U.S.C. § 2000d et seq, and Hostile Housing Environment, that Program Manager Barlow violated the Anti-Retaliation Provision because of my race. After Bonnie moved out of Holland House into her own apartment in July2014, and was no longer a T.I.P.S. Participant, my civil rights, and my right to exercise of full enjoyment and use of the kitchen facilities, etc., at Holland House, continued to be denied to me because of my race when Barlow deliberately violated the T.I.P.S. Transitional Housing Program Guest Handbook(The "Visitors" section states "No guests allowed on the Trestle Creek property after 8pm, and no overnight guests, which is strictly prohibited at Holland House."). From August-thru-July2015, former T.I.P.S. Participant Bonnie, was encouraged by Barlow to stay beyond the 8pm curfew as Shelley's guest, which extended to Bonnie spending nights with Shelley during the week, to

5

staying the entire weekends with Shelley, which gave Bonnie opportunities to continue her racially motivated harassment against me, in spite of complaints from myself, and the on-site Caretakers, to Barlow about Bonnie being at Holland House causing trouble, etc.

13. I state a claim under 42 U.S.C. § 3604(b), 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, 18 U.S.C. § 241, 42 U.S.C. § 2000d et seq, and Hostile Housing Environment, that from August-thru-November2014, Bonnie along with Shelley, violated the Anti-Retaliation Provision, by ongoing harassment, trying to bait me into reacting to them, making racially disparaging remarks about my listening to "jungle" music, making monkey noises, leaving large puddles of dishwashing gel on my counterspace area, for me to clean up, etc., as I continued making an effort to avoid being around Bonnie and Shelley as much as possible and not talk to them.

14. I state a claim under 42 U.S.C. § 3604(b), 42 U.S.C. § 3617, 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, 42 U.S.C. § 2000d et seq, and Hostile Housing Environment, that on Saturday 15November2014, Shelley, violated the Anti-Retaliation Provision, by instigating an incident to try and bait me into reacting to her, while I was preparing my dinner.  Shelley came at me, with her fists balled-up like she wanted to hit me.  Shelley stopped within an arm's length of me, turned around and left the kitchen.  Not saying anything to Shelley, I went back to fixing my dinner.  Twenty minutes later, while I was at the kitchen sink washing/rinsing my dishes, listening to music with my earbuds in, I did not hear Shelley come up behind me, and without warning, she reached out and tried pulling the neck of the water faucet out of my hand, etc. Not saying anything to Shelley, I regained control of the faucet, to finish washing the dishes, Shelley starts yelling at me calling me "You bitch!" and other expletives at me, as she stormed out of the kitchen to call Bonnie, to have her come over.

15. I state a claim under 42 U.S.C. § 3604(b), 42 U.S.C. § 3617(Including 24 C.F.R. §§ 100.400(a)(b)(c)(2)(4-6)), 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, 18 U.S.C. § 241, 28 U.S.C. § 4101(1)(2), and Hostile Housing Environment, that on Thursday 20November2014, Program Manager Barlow, violated the Anti-Retaliation Provision, intentionally inflicting emotional

6

distress upon me, threatening my freedom, when she tried extorting me into either leaving the T.I.P.S. Program on my own, or face an arrest for assault, eviction by the T.I.P.S. Board of Directors, for threatening, intimidating and physical attacking Shelley.  Barlow conspired with Shelley, using the incident on 15November2014, to fabricate a story in which Shelley accused me of threatening, and intimidating her while pushing, grabbing Shelley's arm while physically attacking her.  Barlow said that Shelley talked to the police, made out a complaint to have me arrested for physical assault and that I should expect to be arrested at any time.  When I denied doing anything to Shelley, Barlow interrupted me and said "When are you leaving the program?" When I didn't answer, Barlow said "Well, you can expect to be arrested, then." Believing that I was about to be arrested for something that never happened, I reacted out of fear and called an out-of-state family member, told him what happened, he tells me to go to the police, that I'm being set up.  The next day, Friday 21November2014, I went to the Bonner County Sheriff's Department, and expecting to be arrested, I gave a statement to Deputy Matt Wallace, about the incident, telling him that Program Manager Barlow and Shelley are conspiring to force me out of the T.I.P.S. program, etc.  Deputy Wallace advised me to get a voice recorder, etc.  I then went over Barlow's head to stop her and Shelley from having me arrested and evicted from the T.I.P.S. Program, by faxing a letter to T.I.P.S. Board of Directors President Mary Jo Ambrosaini, on Monday 24November2014, complaining that Program Manager Barlow and Shelley, are conspiring to have me arrested for physical assault, as a means to have me evicted from the T.I.P.S.  Program, and that Barlow is also conspiring with former T.I.P.S. Participant/Holland House resident Bonnie, to force me out, etc.  For several weeks I lived in fear, suffering from stress-related outbreaks of skin rashes on my body, sleepless nights, etc., waiting to be arrested.

16. I state claim under 42 U.S.C. § 3604(b),42 U.S.C. § 3617, 42 U.S.C. § 1985(3), 42 U.S.C. §
1986, 28 U.S.C. § 4101(1)(2), and Hostile Housing Environment, that on Monday
24November2014, Program Manager Barlow violated the Anti-Retaliation Provision, when I

7

received a letter/document that was fabricated by her and Shelley, depicting me as a volatile, threatening person, who physically assaulted Shelley, and that Shelley gave a statement at the police department, etc.

17.  I state a claim under 42 U.S.C. § 3604(b), 42 U.S.C § 3617, 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, and Hostile Housing Environment, that on Wednesday 26November2014, former T.I.P.S. Participant Bonnie, visiting with Shelley, violated the Anti-Retaliation Provision, by intentionally inflicting emotional distress upon me, by instigating a similar incident at the kitchen sink, that occurred on 15November, when without warning, Bonnie tried to wrestle control of the faucet and hot water knob from me, while I was rinsing my dishes, etc.  When Bonnie could not get control, she turned to face me, holding a butcher knife in her hand, brandishing and pointing the butcher knife at me that I felt was threatening.  I called 911.  The Bonner Sheriff's Deputies came to Holland House, took statements, from Bonnie, Shelley, and myself.  The entire incident was recorded on the voice recorder.  The Deputies told us to stay away from each other.  I called the on-site Caretakers residence, and spoke to Kelly, told him what happened, and Kelly said that Program Manager Barlow, gave Bonnie permission to stay the night with Shelley, so she could spend Thanksgiving day with Shelley.  I called Barlow, told her what happened, and her response was which police department came over to Holland House, I told her and she ended the call.

18.  I state a claim under 42 U.S.C. § 3617(Including 24 C.F.R. §§ 100.400(a)(b)(c)(2)(4-6)), 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, 42 U.S.C. § 2000d et seq, and Hostile Housing Environment, that on Wednesday 03December2014, the Anti-Retaliation Provision was violated by Program Manager Barlow, Shelley, and former T.I.P.S. Participant Bonnie.  I submitted to Barlow, a formal grievance for the T.I.P.S. Board of Directors, stating that Barlow, Shelley and Bonnie are conspiring to force me out of the T.I.P.S. Program, by racially motivated harassment, etc., that was encouraged by Barlow.  I also notified the Board of Directors of my intent to file with the HUD Housing Agency, etc., a racial discrimination complaint against Barlow, Bonnie and Shelley.

8

19. I state a claim that Program Manager Barlow gave me a letter/note from T.I.P.S. Board of Directors President Ambrosaini, on 08December2014, wanting to arrange a meeting to discuss the situation.

20. I state a claim under 42 U.S.C. § 3617(Including 24 C.F.R. 100.400(a)(c)(2)(4-6)), 42 § 1985(3), 42 U.S.C. § 1986, 42 U.S.C. § 2000d et seq, that on Thursday 18December2014, Board of Director President Ambrosaini and Program Manager Barlow, violated the Anti-Retaliation Provision, when They cancelled the meeting scheduled Monday 22December2014, over objections to a legal aid representative being present on my behalf.

21. I state a claim under 42 U.S.C. § 3617(Including 24 C.F.R. §§ 100.400(a)(b)(c)(2)(4-6), 42 U.S.C. § 2000d et seq, that The T.I.P.S. Board of Directors, violated the Anti-Retaliation Provision, retaliating against me by not responding to my formal grievance submitted on 03December.

22. I state a claim under 42 U.S.C. § 3604(b), 42 U.S.C. § 3617(Including 24 C.F.R. §§ 100.400(a)(b)(c)(2)(4-6)), 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, 42 U.S.C. § 2000d et seq, and Hostile Housing Environment, that from December2014-thru March2015, the Anti-Retaliation Provision was continuously violated by Program Manager Barlow, co-conspirators Shelley and former T.I.P.S. Participant Bonnie, as they intentionally infliction emotional distress upon me, escalating the ongoing harassment against me, out of retaliation for filing a formal grievance and discrimination complaints with the I.H.R.C. and the HUD Housing Agency against them in December 2014 and January2015 ; Monday 02February2015, I mailed a letter to T.I.P.S. Board of Directors President Ambrosaini, who retaliated against me violating the Anti-Retaliation Provision, by not responding to me when I wrote a letter to her, complaining about Program Manager Barlow, Shelley and former T.I.P.S. Participant Bonnie's ongoing harassment aginst me, etc. ; Thursday 12February, the Anti-Retaliation Provision was violated by former T.I.P.S. Participant Bonnie, escalating the ongoing harassment instigated another incident trying to bait me, by intentionally blocking my access to my assigned refrigerator space that I shared with

9

another resident.  Bonnie stared me down, refusing to move until I left the kitchen with a bowl of soup for dinner.  Bonnie stayed the night with Shelley ;  The Anti-Retaliation Provision was violated by former T.I.P.S. Participant Bonnie and Shelley, when on Friday 13February2015, my vehicle was vandalized out of retaliation by Shelley and Bonnie, who stayed the night with Shelley.  My vehicle was keyed from the front to the rear, on both sides of my vehicle, and dented on the driver's side door, with traces of red paint, matching the red color of Shelley's vehicle parked next to my vehicle.   As I inspected the damage, Bonnie, and Shelley, were looking out of the kitchen window, watching me, smiling, as I inspected the damage, etc.  I drove over to the Bonner's Sheriff's Office to report to a Deputy about my vehicle being vandalized by Bonnie and Shelley, telling the Deputy Bonnie and Shelley did it, because of the discrimination complaint I filed against them, etc.  The Deputy took photos of the damage, and an open file by the Bonner Sheriff's Department was started for any additional reports of the ongoing harassment by Bonnie and Shelley, etc.

23.  I state a claim under 42 U.S.C. § 3617(Including 24 C.F.R. §§ 100.400(a)(b)(c)(2)(4-6)), 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, 42 U.S.C. § 2000d et seq, and Hostile Housing Environment, that the Anti-Retaliation Provision was violated by T.I.P.S. Board of Directors President Ambrosaini, when on Monday 16February2015, I mailed another letter to T.I.P.S. Board of Director's President Ambrosaini, complaining to her about the latest ongoing harassment, damage to my personal property and of my car being vandalized by Bonnie and Shelley, and Program Manager Barlow doing nothing to stop it, etc.  There was no response from Board of Directors President Ambrosaini.

24.  I state a claim under 42 U.S.C. § 3604(b), 42 U.S.C. § 3617, 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, 42 U.S.C. § 2000d et seq, 28 U.S.C. § 4101(1)(2), and Hostile Housing Environment, that the Anti-Retaliation Provision was violated by Program Manager Barlow, and Shelley conspiring to slander me to T.I.P.S. Participant/Holland House resident named Susan Jahn, who gave a witness statement on Saturday 12April2015, said to me that when she became a resident at

10

Holland House : 1) Program Manager Barlow warned her not to talk to me and to stay away from me, and that Shelley also warned her to stay away from me.   2) That Shelley also talked to the other residents, about staying away from me because of my threatening and intimidating manner, etc. 3) That Barlow and Shelley were pressuring her to agree with them that I was being threatening and intimidating to her, etc.

25.  I state a claim under 42 U.S.C. § 3604(b), 42 U.S.C. § 3617(Including 24 C.F.R. § 100.400(a)(b)(c)(2)(4-6)), 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, 42 U.S.C. § 2000d et seq, and Hostile Housing Environment, that on Tuesday 28April2015, Program Manager Barlow, violated the Anti-Retaliation Provision, when she left under my room door, a note with attached photocopies of a racially discriminatory rental listing that she was steering me towards, of a cabin with no indoor plumbing, a woodstove for cooking and heating. I confronted Barlow about the rental listing and told her I would fax the racially motivated photocopies to the I.H.R.C. Investigator.


26.  I state a claim under 42 U.S.C. § 3617(Including 24 C.F.R. §§ 100.400(a)(b)(c)(2)(4-6), 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, 42 U.S.C. § 42 U.S.C. § 2000d et seq, 28 U.S.C. § 4101(1)(2), and Hostile Housing Environment, Program Manager Barlow violated the Anti-Retaliation Provision, when she retaliated against me for contacting the I.H.R.C., when on Saturday 02May2015, I was informed by T.I.P.S. Trestle Creek Community/Holland House Caretaker Tammy Johnson, that Program Manager Barlow, has talked to her as well as to the other residents throughout the T.I.P.S. Trestle Creek Community/Holland House property, saying that I am crazy, that I have some kind of mental disease that I am taking medication for, and for the Caretakers as well as the residents to not talk to me and to stay away from me

27.  I state a claim that Shyrelle Johnson, daughter of T.I.P.S. Trestle Creek property Caretaker, Tammy Johnson, said that she was present with her mother in Program Manager Barlow's office, when Barlow spoke to Tammy Johnson about me.

28.  I state a claim under 42 U.S.C. § 3604(b), 42 U.S.C. § 3617, 28 U.S.C. § 4101(1)(2), that the

11

Anti-Retaliation Provision was violated by then T.I.P.S. Participant/Holland House resident

Bonnie, in a witness statement given on Monday 11May2015, by former T.I.P.S. Participant

Veda_____: "Bonnie said that you were crazy, and she was pressuring me to stay

away from you.  When I told Bonnie that I make up my own mind about you, she and Shelley

went after me.  They kept after me until I moved out of Holland House(June 2014)."

29.  I state a claim under 42 U.S.C. § 3617(Including 24 C.F.R. §§ 100.400(a)(b)(c)(2)(4-6)), 42

U.S.C. § 1985(3), 42 U.S.C. § 1986, that on 08July2015, T.I.P.S. Board of Directors President

Ambrosaini, violated the Anti-Retaliation Provision, when she said to me during a phone call,

that she did not respond to my letters of complaint because she is not responsible for the

actions of Program Manager Barlow and the others, because I did not ask her for help in my

letters of complaint, so she saw no reason to intervene to stop the discrimination, etc........

REQUEST FOR RELIEF:

I state a claim respectfully, asking that I be made whole for the intentional harm done to me by Program Manager Barlow and her co-conspirators, for violations of the Anti-Retaliation Provision, depriving me of my civil rights as a Participant in the T.I.P.S. Transitional Housing Program because of my race.  I ask relief of $200,00.00, in damages under 24 C.F.R. § 100.7(a)(b), 42 U.S.C. § 1986, 42 U.S.C. § 1981(a), 42 U.S.C. § 1982,601 of Title VI, 42 U.S.C. § 2000d et seq ;  $200,000.00, in punitive damages, under 24 C.F.R. § 100.7(a)(b), 42 U.S.C. § 1986, 42 U.S.C. § 1981(b), 42 U.S.C. § 1982, 601 of Title VI, 42 U.S.C. § 2000d et seq, for violations of the Anti-Retaliation Provision against the Board of Directors, and Board of Directors President Ambrosaini, for their reckless disregard and knowledge of my Constitutional and Civilr Rights being violated by Program Manager Barlow nad her co-conspirators, and doing nothing to stop it, etc., because of my race. ;  Attorney's fees under 42 U.S.C. § 1988(b) and 42 U.S.C. § 3613(c)(2).

Josephine Guion, Pro Se

27April2018

|3

_____

_____

_____

## DECLARATION UNDER PENALTY OF PERJURY

    The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint, and that the information contained therein is true and correct. 28 U.S.C. §1746; 18 U.S.C §1621.

Executed at _US BANK (PAYSTRS)_ on _27 APRIL_ 20_18_.
            (Location)                     (Date)

_Joseph Niu_
Signature

H:\prose\civrt.gui

SUBSCRIBED AND SWORN TO BEFORE ME
THIS _27_ DAY .. _April, 2018_.
BY_ Josephine Guico_

_Debra S Bower_
NOTARY PUBLIC

```
DEBRA S BOWEN
Notary Public
State of Idaho
```

My Commission Expires _10/16/21_