UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSEPHINE GUION,<br><br>        Plaintiff,<br><br>        v.<br><br>BONNER HOMELESS TRANSITIONS<br>BOARD OF DIRECTORS,<br><br>        Defendant. | Case No. 2:18-cv-000186-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pro se Plaintiff Josephine Guion petitions the Court for appointment of counsel.

Dkt. 9. For the reasons set forth below, the Court will DENY the Motion at this time.

## II. BACKGROUND

Guion alleges that, in July 2013, she "became a participant in the 2- year T.I.P.S.

Transitional House Program" (now known as "Bonner Homeless Transitions") in

Northern Idaho. She alleges that while she was a participant in that program, the program

managers and board members discriminated against her based on her race. Guion alleges

they did this by, amongst other things, making racist and disparaging comments to and

about her, forcing her into dilapidated housing, forcing her out of the program, and

otherwise harassing her. Then, when Guion wanted to explore the process for filing a race

discrimination complaint, the Defendants threatened to have harassment charges brought

against her. The Defendants then told others Guion was "a threatening, intimidating,

volatile, angry person" who has mental illnesses and that harasses and physically attacks

others. Based on these allegations, and many other facts detailed in her Complaint, Guion asserts claims for housing discrimination, violation of her constitutional rights, defamation, and intentional infliction of emotional distress.

The Court previously granted Guion's Application for Leave to File In Forma Pauperis. Dkt. 4. Guion now asks the Court to appoint counsel on her behalf. Dkt. 9.

### III. DISCUSSION

#### A. *Applicable Law*

Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

In civil cases, counsel should be appointed only in "exceptional circumstances." *Id.* To determine whether exceptional circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate the claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id.*

Even if the Court finds that exceptional circumstances exist, it does not have the authority to require attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(e). *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). Rather, the Court can merely "request" that an attorney represent the individual, and the

attorney must then voluntarily accept the assignment. *Id*. The Court has no funds to pay for attorneys' fees in civil matters such as this one. Therefore, it can be difficult to find attorneys willing to work on a case without payment.

### B. Analysis

The Court previously conducted an initial review of Guion's complaint (pursuant to its order granting her Application to Proceed In Forma Pauperis) and found that Guion sufficiently articulated her claims. However, such a finding does not necessarily mean Guion's claims have merit. All this means is that Guion's complaint, liberally construed, appears to state a claim upon which relief could be granted if the allegations are proven at trial. Without more than the bare allegations of the Complaint, the court does not have a sufficient basis upon which to assess the merits, if any, at this point in the proceeding.

Next, the Court recognizes that some of Guion's claims may involve complex legal issues, and there is no doubt that Guion, like any other pro se litigant, would benefit from the assistance of counsel in this matter. *See Rand v. Rowland,* 113 F.3d 1520, 1525 (9th Cir. 1997). But so far, she has proven herself capable of pursuing her claims as a pro se plaintiff, and the case does not appear to be so complex that Guion cannot adequately represent herself.

Accordingly, Guion has failed to show that exceptional circumstances exist that necessitate the appointment of counsel at this stage in the case. The Court therefore DENIES the Motion. If it seems appropriate at a later date, the Court may reconsider appointing counsel.

## IV. ORDER

1. For the reasons outlined above, Guion's Motion to Appoint Counsel (Dkt. 9) is

   DENIED WITHOUT PREJUDICE.

DATED: November 2, 2018

David C. Nye
U.S. District Court Judge