UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSEPHINE GUION,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>BONNER HOMELESS TRANSITIONS BOARD OF DIRECTORS,<br><br>　　　Defendant. | Case No. 2:18-cv-000186-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Pro se Plaintiff Josephine Guion's Motion to Amend Original Complaint (Dkt. 19), Motion for Joinder of Parties (Dkt. 25), Motion for Leave to File Sur-Reply (Dkt. 29), Motion to Supplement (Dkt. 32), and Motion for Appointment of Counsel (Dkt. 35). Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will address the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

## II. BACKGROUND

The background of this case is set forth in the Court's prior order (Dkt 14). The Court incorporates that background by reference here.

# III. DISCUSSION

Guion has filed various motions. The Court considers each in turn:

## 1. Motion to Amend (Dkt. 19)

Federal Rule of Civil Procedure 15(a) provides that, once a responsive pleading has been served, a party may amend its pleading "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit recognizes that "the underlying purpose of Rule 15 [is] to facilitate [a] decision on the merits, rather than on the pleadings or technicalities," *Chudacoff v. University Med. Cent. of Southern Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011). "Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).

Leave need not be granted, however, where the amendment "would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, Guion seeks to amend her complaint to assert claims related to allegations of fraud and forgery. Defendants contend that "justice does not require amendment," "amendment does not serve any legitimate purpose," "amendment is prejudicial to the defendant," "amendment is futile," and "denial of the motion does not harm the merits of plaintiff's action." Dkt. 22, at 2. The Court, however, finds allowing Guion to amend is proper. Her Motion to Amend was timely, allowing amendment would not be prejudicial

to the Defendant, and the Court does not have sufficient information to confidently say that allowing Guion to amend her Complaint would be futile.

As such, and because Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality, Guion's Motion to Amend (Dkt. 19) is GRANTED. If Guion still desires to file an amended complaint, she must do so within thirty (30) days of entry of this order.

## 2. Motion for Joinder (Dkt. 25)

For similar reasons as those outlined above, the Court will also allow Guion to join additional parties to her amended complaint. *Kaminski v. Target Stores*, 1998 U.S. Dist. LEXIS 13977 (N.D. Cal. Sep. 4, 1998) ("Amending a complaint to add additional parties is governed by the same liberal standard set forth in Rule 15 for amending complaints."); *Anna Claire Farms, Inc. v. Bayer CroSscience LP (In re Genetically Modified Rice Litig.)*, 2010 U.S. Dist. LEXIS 91724 (E.D. Mo. Sep. 2, 2010) ("Rule 15 does not specifically address whether a party may join additional parties by amending a complaint. However, courts regularly allow parties to add or drop parties by amending a complaint under Rule 15.") (citations omitted).  Accordingly, Guion's Motion for Joinder (Dkt. 25) is GRANTED. If Guion still wishes to join additional parties in this case, she may do so via an amended complaint.

## 3. Motion for Leave to File Sur-Reply (Dkt. 29), and Motion to Supplement (Dkt. 32)

Guion asks the Court to consider her sur-reply to Defendant's Reply and Objection to Plaintiff's Motion to Amend. She also asks the Court to allow her to supplement her

reply to Defendant's Response and Objection to her Motion to Amend.

Since the Court has now granted Guion leave to amend her Complaint, her Motion for Leave to File Sur-Reply (Dkt. 29), and Motion to Supplement (Dkt. 32), are both DISMISSED as MOOT.

### 4. Motion for Appointment of Counsel (Dkt. 35)

*A. Applicable Law*

Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

In civil cases, counsel should be appointed only in "exceptional circumstances." *Id.* To determine whether exceptional circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate the claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id.*

Even if the Court finds that exceptional circumstances exist, it does not have the authority to require attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(e). *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). Rather, the Court can merely "request" that an attorney represent the individual, and the attorney must then voluntarily accept the assignment. *Id*. The Court has no funds to pay

for attorneys' fees in civil matters such as this one. Therefore, it can be difficult to find attorneys willing to work on a case without payment.

B. *Analysis*

The Court previously denied Guion's prior Motion to Appoint Counsel (Dkt. 9) without prejudice. The Court explained that Guion "has proven herself capable of pursuing her claims as a pro se plaintiff, and the case does not appear to be so complex that Guion cannot adequately represent herself." Dkt. 14, at 3. The Court also found that "Guion has failed to show that exceptional circumstances exist that necessitate the appointment of counsel*." Id.*

Guion once again asks the Court to appoint Counsel on her behalf. She is particularly concerned with her lack of training and experience related to discovery, depositions, and participation in Alternative Dispute Resolution. While the Court understands Guion's concerns, these are routine aspects of litigation, and they do not constitute exceptional circumstances that necessitate the appointment of counsel. As before, the Court once again finds that Guion has proven herself capable of pursuing her claims as a pro se plaintiff, and the case does not appear to be so complex that Guion cannot adequately represent herself.

Accordingly, the Court DENIES her Motion for Appointment of Counsel (Dkt. 35) WITHOUT PREJUDICE. If it seems appropriate at a later date, the Court may reconsider appointing counsel.

## IV. ORDER

1. Guion's Motion to Amend (Dkt. 19) is GRANTED. If she still desires to file an amended complaint, she must do so within thirty (30) days of entry of this order.

2. Guion's Motion for Joinder (Dkt. 25) is GRANTED.

3. Guion's Motion for Leave to File Sur-Reply (Dkt. 29) is DISMISSED as MOOT.

4. Guion's Motion to Supplement (Dkt. 32) is DISMISSED as MOOT.

5. Guion's Motion to Appoint Counsel (Dkt. 35) is DENIED WITHOUT PREJUDICE.

DATED: June 13, 2019

David C. Nye
Chief U.S. District Court Judge