;Name: Josephine Guion

Address: P.O. Box 85 Payette, Idaho 83661

Cell Phone:  (720) 206-7932

Email:  guiharnwco@gmail.com

U.S. COURTS

JUL 22 2019

Rcvd ___ Filed ___ Time ___
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

# UNITED STATES DISTRICT COURT FOR THE

# DISTRICT OF IDAHO

| | |
|---|---|
| Josephine Guion )<br>    *Plaintiff*     )<br>        v.          )<br>Bonner Homeless Transitions   )<br>Board of Directors(Formerly T.I.P.S.); Mary Jo  )<br>Ambrosaini, individually, and in her official   )<br>capacity as the Board of Directors President of  )<br>the Bonner Homeless Transitions and the   )<br>Bonner County Homeless Task Force; Joanne  )<br>Barlow, individually and in her official capacity  )<br>as the Program Manager for the Bonner   )<br>Homeless Transitions and the Bonner County  )<br>Homeless Task Force; Bonnie Edgecomb and  )<br>Michelle Lang, Former T.I.P.S. Participants  ) | Case No. 2:18-cv-00186-DCN<br><br>**PLAINTIFF'S AMENDED<br>COMPLAINT AND JOINDER OF<br>PARTIES** |

Comes Now, Plaintiff Josephine Guion in the above action, represented Pro Se, and respectfully, was granted Leave to Amend her Original Complaint under Federal Rules of Civil Procedure(F.R.C.P.) Rule 15(a)(2), and Joinder of Parties under F.R.C.P. Rule 20(2).  Plaintiff has Joined the following persons as Defendants to the above action: Mary Jo Ambrosaini, individually and in her official capacity, as the Board of Directors President, of the Bonner Homeless Transitions(Formerly T.I.P.S.) and the Board of Directors President of the Bonner

1

County Homeless Task force; Joanne Barlow, individually and in her official capacity as the Program Manager of the Bonner Homeless Transitions(Formerly T.I.P.S. ), and the Program Manager for the Bonner County Homeless Task Force; Bonnie Edgecombe and Michelle Lang, Former T.I.P.S. Participants.  Respectfully, under Federal Rules of Evidence Rule 401(a)(b), Rule 402, Rule 901(a)(b(1)(3)(4)), Rule 1001(a)(d)(e), Rule 1003, Rule 1007, Plaintiff has attached the following documents of evidence as reference, that will help in the explaining and in support of Plaintiff's Claims in the Amended Complaint to the Court, documents which Defense Counsel already has in their possession through Discovery the complete copies of: (1) PLAINTIFF'S EXHIBIT # 1-"TIMELINE OF EVENTS";  (2)   PLAINTIFF'S EXHIBIT # 2- "DOCUMENTED ENTRIES"; (2) PLAINTIFF'S EXHIBIT # 34-RESPONDENT'S FIRST RESPONSE TO THE I.H.R.C.; (3) THE I.H.R.C. SUMMARY OF INVESTIGATION- DECISION DOCUMENT; (4) DEFENDANT'S COPY TIPS000005-thru-TIPS000011 "Overview of Complaints and Resolutions in File" documents; DEFENDANT'S COPY TIPS Documents, from Discovery, as listed throughout Plaintiff's  Claims in the Amended Complaint.

HOUSING DISCRIMINATION

COUNT I: RACE AND HOSTILE HOUSING ENVIRONMENT

1.  I state a claim respectfully, that I am suing under 42 U.S.C § 3613(a(1)(A)(B)(2))(b(1)(2)
(c(1)) of the Fair Housing Act; under 42 U.S.C. § 1981(a)(b), 42 U.S.C. § 1982, 42 U.S.C. §
2000d et seq, 42 U.S.C. § 1985(3) and 42 U.S.C. § 1986 of the Civil Rights Act; Requesting a
jury trial against Defendant Board of Directors of the Bonner Homeless Transitions(Formerly
Transitions In Progress Services( T.I.P.S.)) Transitional Housing Program, Defendant Mary Jo
Ambrosaini, individually and in her official capacity, as the Board of Directors President of the
Bonner Homeless Transitions(Formerly T.I.P.S.), and as the Board of Directors President of the
Bonner County Homeless Task Force, Defendant Joanne Barlow, individually and in her official
capacity, as the Program Manager for the Bonner Homeless Transitions(Formerly T.I.P.S.), and
as the Program Manager for the Bonner County Homeless Task Force, Defendants and Former
Bonner Homeless Transitions(T.I.P.S.) Participants Bonnie Edgecomb and Michelle Lang, under
24 C.F.R. § 100.7(a)(i)(ii)(iii)(b), 42 U.S.C. § 1985(3), 42 U.S.C. § 1986;  For Race and Hostile
Housing Environment Discrimination by Defendant's Board of Directors, Board of Directors
President Ambrosaini, Program Manager Barlow, Bonnie Edgecomb and Michelle Lang; For
violations of  my Civil Rights under 42 U.S.C. § 1981(a)(b), 42 U.S.C. § 1982, 42 U.S.C. §
2000d et seq, and 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, of the Civil Rights Act; under 42
U.S.C. § 3604(b), 42 U.S.C. § 3617(Including 24 C.F.R. § 100.400(a)(b0(c)(2)(4-6)), 24 C.F.R.
100.600(2)(i)(A)(B)(C)(ii)(c), of the Fair Housing Act; and Defamation under 28 U.S.C. §
4101(1)(2); For conspiracy to deceive, defame, discredit, vilify character, retaliate, and conceal
knowledge of my allegations of race and housing discrimination complaints against Defendant's
Program Manager Barlow, Bonnie Edgecomb and Michelle Lang; Based on Race: Black/African
American.

In support of the above stated claim, I offer the following facts, with attached supporting
documents of evidence under FRCP Rule 9(b)-Fraud, under Federal Rules Of Evidence(FRE)
Rule 401(a)(b), Rule 402, Rule 901(a)(b), Rule 1001(a)(c)(d)(e), Rule 1002, Rule 1003, Rule

1004(a)(b)(c), and Rule 1007:

2. I state a claim that I became a participant in Defendant Board of Directors Bonner Homeless Transitions(Formerly Transitions In Progress Services(T.I.P.S.)), two-year T.I.P.S. Transitional Housing Program on 08July2013, where I resided at Holland House, on the T.I.P.S. Trestle Creek Community/Holland House property, in Hope, ID. In January2014, I sustained workplace injuries, and that one of the injuries later became a diagnosed permanent physical disability in March2014. That status later changed to an official permanent physical disability, after my application for SSD and SSI Disability Benefits was approved in** __2014**. I began receiving temporary SSI Disability Benefits income payments in September/October2014. I began receiving the monthly SSD Benefits income payments in October/November2014, and I continued receiving monthly SSD Benefits income payments, throughout the remaining months of my participation in the T.I.P.S. Transitional Housing Program.

3. I state a claim, under FRCP Rule 9(b)-Fraud, 42 U.S.C. § 3604(b), 42 U.S.C. § 3617(Including 24 C.F.R. § 100.400(a)(b)(c)(2)(4-6)), 24 C.F.R. § 100.600(2)(i)(A)(B)(C)(ii)(c), 42 U.S.C. § 2000d et seq, 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, 42 U.S.C. § 1982, 28 U.S.C. § 4101(1)(2): (1) I alleged that after Defendant Joanne Barlow, in her individual and official capacity was hired as the new Program Manager at the Trestle Creek Community/Holland House property, located in Hope, ID, she conspired to violate my civil rights because of my race, from the moment she met me for the first time, orchestrated a campaign through conspiracy, that was meant to deceive, discredit, defame, and vilify my character, retaliate, while violating my civil rights, trying to force me out of the T.I.P.S. Transitional Housing Program, because of my race; (2) I alleged that Defendant Program Manager Barlow, committed a fraudulent act, when she allegedly created DEFENDANT'S COPY TIPS000005-thru-TIPS000011 documents called the "Overview of Complaints and Resolutions in File" documents, and is the point of origin for much of the intentional false statements created allegedly by Defendant Program Manager Barlow, primarily for the purpose to deceive, discredit, retaliate, vilify character, and conceal knowledge of my allegations of race and housing discrimination against Defendant's Program

4

Manager Barlow, Bonnie Edgecomb and Michelle Lang;  (3) Referring to TIPS000005 document page, I alleged that Defendant Program Manager Barlow, committed a fraudulent act, by creating the first 10/01/13 and Resolution entries, that is earliest known intentional false statement made by Defendant Program;  (4) I alleged that Defendant Program Manager Barlow, intentionally used information from a complaint document that I submitted to former Program Manager Lissa DeFrietas, dated 30September2013, and created the false 10/01/13 entry statement, that is meant to deceive and conceal my actual words as stated in my complaint document-DEFENDANT'S COPY TIPS000012 and TIPS000013.  Located on page 2, which is DEFENDANT'S COPY TIPS000013 page, second paragraph, lines 3 and 4 are my actual typewritten words, that contradict the alleged false statement by Defendant Program Manager Barlow;  (5) I alleged that the Resolution entry, is also meant to deceive and conceal the actual resolution of the complaint by Defendant's Program Manager Barlow's predecessor Program Manager Lissa DeFrietas, who resolved the situation by changing the laundry schedule of resident Gina to another day, and took away the laundry privileges of another resident(Heather) use of the laundry facilities at the Trestle Creek Community/Holland House property.

4.  I state a claim under 42 U.S.C. § 3604(b), 42 U.S.C. § 3617, 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, 42 U.S.C. § 1982, and 42 U.S.C. § 2000d et seq, alleging that in October2013, my civil rights were violated because of my race by Case Manager Gina Graham, the interim T.I.P.S Program Manager at the Trestle Creek Community/Holland House property.  When Case Manager Gina Graham, met me for the first time, she asked me why I was living in North Idaho, and if I would be more comfortable with other African Americans living in the Spokane area.

5.  I state a claim under 42 U.S.C. § 3604(b), 42 U.S.C. § 3617(Including 24 C.F.R. § 100.400(a)(b)(c)(2)(4-6)), 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, 42 U.S.C. § 1982, and 2000d et seq, alleging that in late October / early November2013, my civil rights were violated because of my race by Defendant Joanne Barlow, in her individual and official capacity, as the new Program Manager at the T.I.P.S. Trestle Creek Community/Holland House property, allegedly, when she tried to coerce me into leaving the T.I.P.S. Transitional Housing Program, because I

was being oppressed by white people. When Defendant Program Manager Barlow met me for the first time, she asked "Why are you, an African American doing in North Idaho?" "Don't you feel oppressed by how white people treat you?" "Don't' you feel oppressed living in North Idaho?" "I'm from the 'South' and I know how African Americans feel being oppressed about living in places like this, where there are not large African Americans populations." Defendant Program Manager Barlow then said "Aren't you ready to leave this place?" "Don't you feel oppressed living here? Wouldn't you feel better living somewhere else, with your own kind?" After her talk with me, Defendant Program Manager Barlow, began pressuring me almost weekly about finding another place to live because of my race.

6. I state a claim under Federal Rule Of Civil Procedure(FRCP) Rule 9(b)-Fraud, under 42 U.S.C. § 3604(b), 42 U.S.C. § 3617(Including 24 C.F.R. § 100.400(a)(b)(c)(2)(4-6)), 24 C.F.R § 100.600(2)(i)(A)(B)(C)(ii)(c), 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, 42 U.S.C. § 1982 and 42 U.S.C. § 2000d et Seq:  (1)  Referring to PLAINTIFF'S EXHIBIT # 2, "DOCUMENTED DATED ENTRIES" original document, pages 1 and 2, the first, second and third paragraphs, and DEFENDANT'S COPY TIPS000024 and TIPS000025 documents, I alleged that Defendant Program Manager Barlow in her individual and official capacity, conspired to violate my civil rights because of my race, by committing a fraudulent act, by creating DEFENDANT'S COPY TIPS000024 and TIPS000025, alleged documents of forgeries, that was meant to deceive, and conceal Defendant Program Manager Barlow's direct knowledge that she created the alleged forged documents from PLAINTIFF'S EXHIBIT # 2"DOCUMENTED ENTRIES" original document, by re-writing parts of the original October and the October/November2013 documented entries, to make it appear as if I wrote, signed and dated the alleged documents of forgeries a year later, on 30Novmever2014;  (2)  I alleged that Defendant Program Manager Barlow, then used the TIPS000024 and TIPS000025 alleged documents of forgery, in furtherance of the conspiracy to falsely, make it appear as if I made complaints against Defendant Program Manager Barlow, and against former interim Program Manager Gina _____, by fraudulently putting the alleged TIPS000024 and TIPS000025 documents of forgery in my

Case File, as a cover for the alleged creation of DEFENDANT'S COPY TIPS000141 alleged document of forgery.

7. I state a claim under 42 U.S.C. § 3604(b), 42 U.S.C. § 3617(Including 24 C.F.R. 100.400(a)(b)(c)(2)(4-6)), 24 C,F,R, § 100.600(2)(i)(A)(B)(C)(ii)(c), 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, 42 U.S.C. § 1982 and 42 U.S.C. § 2000d et seq: I alleged, that in February 2014, while I was still recovering from injuries sustained at work, still under a doctor's care, and still on medical restrictions, etc., that Defendant Program Manager Barlow in her individual and official capacity, violated my civil rights because of my race, when she tried to coerce me to move out of Holland House, into a dilapidated, one-room shack rental, that she showed me pictures of on her office computer, in Holland House, insisting that I move into the available rental right away. I refused.

8. I state a claim under 42 U.S.C. § 3604(b), 42 U.S.C. § 3617(Including 24 C.F.R. § 100.400(a)(b)(c)(2)(4-6)), 42 U.S.C. § 2000d et seq, 24 C.F.R. § 100.600(2)(i)(A)(B)(C)(ii)(c), 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, 42 U.S.C. § 1982: I alleged, that Defendant Program Manager Barlow in her individual and official capacity, conspired to violate my civil rights because of my race, when she could not coerce me into moving out of Holland House and/or leave the T.I.P.S. Transitional Housing Program on her own, she recruited co-conspirators Defendant's T.I.P.S. Participants/Holland House residents Bonnie Edgecomb and Michelle Lang, to help her, to try and force me out of Holland House and/or the T.I.P.S Transitional Housing Program because of my race, that started from March2014-thru-July2015.

9. I state a claim under 42 U.S.C. § 3604(b), 42 U.S.C. § 3617(Including 24 C.F.R. § 100.400(a)(b)(c)(2)(4-6)), 24 C.F.R § 100.600(2)(i)(A)(B)(C)(ii)(c), 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, 42 U.S.C. § 1982 and 42 U.S.C. § 2000d et seq: I alleged that Defendant T.I.P.S. Participant/Holland House resident, Bonnie Edgecomb, conspired to violate my civil rights because of my race, from March-thru-May2014, when she began harassing me, trying to bait me into reacting to her: (1) Saying racially disparaging remarks about me "eating beans and cornbread" "wearing a rag to cover my nappy hair" and "listening to that black shit(music)." ;

(2)  Harassing me while I was at the stove cooking my food, by standing at the stove staring me down, not moving until I was finished cooking my food before she then turned around and leave the kitchen; (3)  Standing next to me at the stove while I was cooking my food, and deliberately reach across in front of me, intentionally letting her shirt sleeve and/or sleeve of her sweater that she was wearing, dip into my uncovered food, trying to get me to react to her, etc.;  (4)I bought a portable double burner, and a microwave oven to use on my assigned counterspace area, to avoid being harassed by Defendant Bonnie Edgecomb when cooking at the stove, and whenever possible, I made an effort to avoid being around her in the kitchen; (5)  Defendant Bonnie Edgecomb, started leaving me accusatory notes of made-up offenses, to bait me into reacting to her, etc. I complained repeatedly to Defendant Program Manager Barlow, about Defendant Bonnie Edgecomb harassing me.

10.  I state a claim under 42 U.S.C. § 3604(b), 42 U.S.C. § 3617(Including 24 C.F.R. 100.400(a)(b)(c)(2)(4-6)), 24 C.F.R. § 100.600(2)(i)(A)(B)(C)(ii)(c), 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, 42 U.S.C. § 1982 and 42 U.S.C. § 2000d et seq:  I alleged that Defendant Bonnie Edgecomb, conspired to violate my civil rights because of my race, on Thursday 29May2014, after another incident of harassment involving a note from her.  In witness statements given to me from the T.I.P.S. Trestle Creek Community/Holland House Caretaker couple employees named Tammy Johnson and her husband Kelly---Tammy Johnson's witness statement:  "Bonnie said to me, "..I left that note on purpose to piss Jo off.  I hope she gets kicked out.  I'm so tired of that little nigger!""  Kelly's witness statement:  "I only caught the tail-end of Bonnie talking to Tammy, but she said the n-word.  I knew she was talking about you."  I complained to Defendant Program Manager Barlow about the harassment from Defendant Bonnie Edgecomb.

11.  I state a claim under 42 U.S.C. § 3604(b), 42 U.S.C. § 3617(Including 24 C.F.R. § 100.400(a)(b)(c)(2)(4-6)), 24 C.F.R. § 100.600(2)(i)(A)(B)(C)(ii)(c), 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, 42 U.S.C. § 2000d et seq, and 28 U.S.C. § 4101(1)(2):  I alleged that Defeendant Bonnie Edgecomb, conspired to violate my civil rights because of my race, when on Friday 30May2014, Defendant Bonnie Edgecomb, verbally attacked me, as she followed me out of the

kitchen and up-the-stairs to my room, saying to me repeatedly "You have mental problems. You're always angry. You don't belong here. Nobody wants you here. I belong here, I don't want you here. You need to leave. You need to go back where you came from." When I got to my room door, Defendant Bonnie Edgecomb turns around and goes back downstairs. Three separate times, during and after the incident, I called Defendant Program Manager Barlow. The third and final time I called Defendant Program Manager Barlow, I told her that I wanted to file a complaint against Defendant Bonnie Edgecomb after what she said to me.

12. I state a claim under FRCP Rule 9(b)-Fraud, under 42 U.S.C. § 3604(b), 42 U.S.C. § 3617(Including 24 C.F.R. § 100.400((a)(b)(c)(2)(4-6)), 24 C.F.R. § 100.600(2)(i)(A)(B)(C)(ii)(c), 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, 42 U.S.C. § 1982, 42 U.S.C. § 2000d et seq, and 28 U.S.C. § 4101(1)(2):  (1)  I alleged that Defendant's Bonner Homeless Transition(Formerly T.I.P.S.) Board of Directors, Program Manager Barlow in her individual and official capacity, Bonnie Edgecomb and Michelle Lang, conspired to violate my civil rights because of my race, by committing a fraudulent act-Referring to the TIPS000007 document page, the May 2014 and Resolution entries, I am alleging that Defendant Program Manager Barlow, created the intentional false statements, that was meant to deceive, discredit and conceal her direct knowledge that the statements are false, by making it appear as if I submitted to Defendant Program Manager Barlow, the alleged 6 page complaint against Defendant's Bonnie Edgecomb and Michelle Lang in the month of May, and then Defendant Program Manager Barlow, submitted the alleged 6 page complaint to Defendant T.I.P.S. Board of Directors in the month of May, who then made their decision in the month of May, by offering me an accommodation in the month of May and that I did not respond to Defendant Board of Directors decision until December 2014; (2)  I alleged that Defendant Program Manager Barlow, concealed her direct knowledge that the events she falsely stated in the May 2014 and Resolution entries, actually occurred in the month of June when I submitted to her my Formal Grievance against Defendant Bonnie Edgecomb on 19June2014, and that the Defendant T.I.P.S. Board of Directors made their decision regarding my Formal Grievance on June 28, 2014-

9

PLAINTIFF'S EXHIBIT # 16; (3) I alleged that it was Saturday 22November2014, the day
when I read Defendant Board of Directors President Ambrosaini's letter of decision for the first
time, and was the same day when I wrote a letter of complaint that I faxed to Defendant Board of
Directors President Ambrosaini on Monday 24November2014 and not in the month of December
2014, as Defendant Program Manager Barlow falsely stated-PLAINTIFF'S EXHIBIT #_** (3)
I alleged that Defendant Program Manager Barlow, concealed her direct knowledge that the
alleged "6 page written complaint against residents Bonnie and Shelley…" are documents of
forgeries, that Defendant Program Manager Barlow created; (4) I alleged that Defendant
Program Manager Barlow, fraudulently created two identical sets of forged 6 page complaint
documents-DEFENDANT'S COPY TIPS000033-thru-TIPS000038, and DEFENDANT'S
COPY TIPS000192-thru-TIPS000197. I alleged that Defendant Program Manager Barlow,
created the forged documents, from my original PLAINTIFF'S EXHIBIT # 2 "DOCUMENTED
ENTRIES" document, that begins with the Saturday 24May2014 entry, starting on pages 8-thru-
12; (5) I alleged that DEFENDANT'S COPY TIPS000192-thru-TIPS000197 forged document,
forged with my name, signature and date 31May2014, is the same alleged 6 page complaint
document, that Defendant Program Manager Barlow, is making direct reference to, in the
TIPS000007 document-the May 2014 entry; (6) Referring to DEFENDANT'S COPY
TIPS000202-thru-TIPS000205 documents, which is my amended Formal Grievance against
Defendant Bonnie Edgecomb, that I signed and dated 19June2014 and submitted to Defendant
Program Manager Barlow, on 19June2014. Referring to the TIPS000202 document page,
located in the "Date submitted to Program Manager" section, I alleged that the "5/24" dated
entry is false, and that Defendant Program Manager Barlow, fraudulently wrote the number 5
over the number 6, to make it appear as if I submitted the alleged 6 page complaint document of
forgery against Defendant's Bonnie Edgecomb and Michelle Lang on 5/24-in the month of May.

13. I state a claim under FRCP RULE 9(b), under 42 U.S.C. § 3604(b), 42 U.S.C. §
3617(Including 24 C.F.R. § 100.400(a)(b)(c)(2)(4-6)), 24 C.F.R. § 100.600(2)(i(A)(B)(C)(ii)(c),
42 U.S.C. § 1985(3), 42 U.S.C. § 1986, 42 U.S.C. § 1982, 42 U.S.C. § 2000d et seq, alleging that

Defendant Program Manager Barlow in her individual and official capacity, conspired to violate my civil rights because of my race, by committing a fraudulent act-Referring to the TIPS000007 document page, the June 2014 and Resolution entries, I am alleging that Defendant Program Manager Barlow, intentionally made a false statement, that was meant to deceive and conceal her direct knowledge that the alleged 6-page document of complaint filed against Defendant's Bonnie Edgecomb and Michelle Lang in May 2014, is a forgery, when Defendant Program Manager Barlow, made it appear as if she added the alleged 6 page forged complaint documents to another complaint, in the month of June, which was actually my amended Formal Grievance against Defendant Bonnie Edgecomb, that I submitted to Defendant Program Manager Barlow, on 19June2014.

14.  I state a claim under 42 U.S.C. § 3604(b), 42 U.S.C. § 3617(Including 24 C.F.R. § 100.400(a)(b)(c)(2)(4-6)), 24 C.F.R. § 100.600(2)(i)(A)(B)(C)(ii)(c), 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, 42 U.S.C. § 1982, 42 U.S.C. § 2000d et seq and 28 U.S.C. § 4101(1)(2):  I alleged that on Friday 27June2014, Defendant Program Manager Barlow in her individual and official capacity, conspired to violate my civil rights because of my race, by allegedly taking away my right to engaged in a protected activity, when I wanted to find out the process for filing a race discrimination complaint with the Housing Agency.  Defendant Program Manager Barlow, refused to give me the contact information for the Housing Agency, that was not posted on the bulletin board outside her office in Holland House.  Defendant Program Manager Barlow, threatened to have harassment charges brought against me by former and current Trestle Creek Community/Holland House residents, if I contacted the Housing Agency, etc.  When I complained that I had a right to the contact information, Defendant Program Manager Barlow, said that if I contacted the Housing Agency, that the Defendant T.I.P.S. Board of Directors would evict me from the Transitional Housing Program.

15.  I state a claim under FRCP Rule 9(b)-Fraud, under 42 U.S.C. § 3604(b), 42 U.S.C. § 3617(Including 24 C.F.R. 100.400(a)(b)(c)(2)(4-6)), 24 C.F.R. § 100.600(2)(i)(A)(B)(C)(ii)(c), 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, 42 U.S.C. § 1982, 42 U.S.C. 2000d et seq, and 28 U.S.C.

§ 4101(1)(2):  (1)  I alleged that Defendant Program Manager Barlow in her individual and

official capacity, conspired to violate my civil rights because of my race, by committing a

fraudulent act by creating DEFENDANT'S COPY TIPS000105 falsified document, that is meant

to deceive and conceal her direct knowledge that the statements in the alleged document is false

and was created as a pretext to cover-up for the retaliation against me when Defendant Program

Manager Barlow, refused to give me the contact information to the Housing Agency, by

threatening to have harassment charges brought against me, and threatened me with eviction by

the T.I.P.S. Board of Directors, if I contacted the Housing Agency, etc. my allegations in which

she falsely stated; (2)  Referring to DEFENDANT'S COPY TIPS000171-thru-TIPS000173

which is the Formal Grievance document that I submitted to Defendant Program Manager

Barlow on 04December2014, and located on TIPS000173 document, which is page 3 of the

Formal Grievance, is part # 6 of the "Settlement Desired" section, in which I am asking that

Anti-discrimination posters, etc., be placed on the bulletin board that is located outside next to

the doorway of Defendant's Program Manager Barlow's office. (3) I alleged that the next day, on

05December2014, I took a cell phone photo of the Anti-Discrimination poster placed

conspicuously on the bulletin board outside of Defendant's Program Manager Barlow's office.  I

would never have gone into Defendant Program Manager Barlow's office, if the Anti-

Discrimination poster, etc. were posted on the bulletin board.

16.  I state a claim under 42 U.S.C. § 3604, 42 U.S.C. § 3617(Including 100.400(a)(b)(c)(2)(4-

6)), 24 C.F.R. § 100.600(2)(i)(A)(B)(C)(ii)(c), 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, 42 U.S.C.

§ 1982, 42 U.S.C. § 2000d et seq:  (1)  I alleged that after Defendant Bonnie Edgecomb moved

out of Holland House in July2014, into her own nearby apartment, and was no longer a T.I.P.S.

Participant, my civil rights and my right to exercise of full enjoyment and use of the kitchen

facilities, etc., at Holland House, continued to be denied to me because of my race, when

Defendant Program Manager Barlow in her individual and official capacity, conspired to

violated my civil rights because of my race, when she allegedly violated the T.I.P.S. policy as

stated in the "T.I.P.S. Transitional Housing Program Guest Handbook" page 5, the "Visitors"

section states "Guests are allowed visitors between the hours of 10:00 am and 8:00 pm. No overnight guests are allowed..."; (2) I alleged that from August2014-thru-July2015, former T.I.P.S. Participant Defendant Bonnie Edgecomb, was allegedly encouraged by Defendant Program Manager Barlow, to stay beyond the 8pm curfew as Defendant Michelle Lang's guest, which extended to Defendant Bonnie Edgecomb spending the night with Defendant Michelle Lang during the week, to staying the entire weekends with her, which gave Defendant Bonnie Edgecomb opportunities to continue her alleged racially motivated harassment against me, in spite of complaints from the on-site Caretakes and myself to Defendant Program Manager Barlow, about Defendant Bonnie Edgecomb being at Holland House allegedly causing trouble, etc.

17. I state a claim under 42 U.S.C. § 3604(b), 42 U.S.C. § 3617(Including 24 C.F.R. § 100.400(a)(b)(c)(2)(4-6)), 24 C.F.R. § 100.600(2)(i)(A)(B)(C)(ii)(c), 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, 42 U.S.C. § 1982, 42 U.S.C. § 2000d et seq:  I alleged that in September/October2014, Defendant Bonnie Edgecomb, conspired to violate my civil rights because of my race, during a visit with Defendant Michelle Lang, when they both came into the kitchen, Defendant Bonnie Edgecomb makes racially disparaging remarks to Defendant Michelle Lang about me, loud enough for me to hear through my earbuds, saying "I bet she's listening to jungle music..." then Defendant Bonnie Edgecomb start making sounds like a monkey, in front of me.

18. I state a claim under 42 U.S.C. 3604(b), 42 U.S.C. § 3617(Including 24 C.F.R. § 100.400(a)(b)(c)(2)(4-6)), 24 C.F.R. § 100.600(2)(i)(A)(B)(C)(ii)(c), 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, 42 U.S.C. § 1982, 42 U.S.C. § 2000d et seq: I alleged that from July-thru-November2014, Defendant Michelle Lang conspired to violate my civil rights because of my race, when she began harassing me, trying to bait me into reacting to her doing things such as: (1) On several occasions, leaving large puddles of dishwasher gel on my assigned counterspace area, watching me clean it up; (2) On Saturday 15November2014, as I was moving toward the kitchen sink from my assigned counterspace area, Defendant Michelle Lang, comes into the

kitchen and comes towards me with a hostile expression on her face, her hands balled into fists, and stops about a foot in front of me. I thought Defendant Michele Lang, was going to hit me, but she turns around and leaves the kitchen; (3) 20 minutes later, after I prepared my dinner, I was at the sink washing/rinsing my dishes, listening to music with my earbuds , when Defendant Michelle Lang, comes up from behind me, and without warning, she's trying to grab the neck of the faucet out of my right hand, with one hand, and trying to push my left hand off the hot water knob with her other hand. Not saying anything to Defendant Michelle Lang, I regained control of the faucet and hot water knob, then Defendant Michelle Lang leans down and yells in my right ear "You bitch!!" She slams the cabinet doors, as she leaves the kitchen. A moment later, I hear Defendant Michelle Lang, talking to Defendant Bonnie Edgecomb on her cell phone, wanting her to come over; (4) Upstairs in my room, I call Defendant Program Manager Barlow's cell phone number, but she does not answer. I then call the on-site Caretakers residence, and talked to Caretaker Kelly, telling him what happened, etc. I typed up an incident report of the harassment and slipped it under Defendant Program Manager Barlow's office door.

19. I state a claim under 42 U.S.C. § 3604(b), 42 U.S.C. § 3617(Including 24 C.F.R. § 100.400(a)(b)(c)(2)(4-6)), 24 C.F.R. § 100.600(2)(i)(A)(B)(C)(ii)(c), 42 U.S.C. § 1982, 42 U.S.C. § 2000d et seq, 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, 28 U.S.C. § 4101(1)(2): (1)  I alleged that on Thursday 20November2014, Defendant Program Manager Barlow in her individual and official capacity, and Defendant Michelle Lang, conspired to violated my civil rights because of my race, through defamation, of slander per se, by falsely accusing me of committing a crime of physical assault, against Defendant Michelle Lang, as leverage against me, using extortion/coercion in an attempt to force me into leaving  the T.I.P.S. Program on my own, or be arrested for assault and eviction by the T.I.P.S. Board of Directors ; (2) I alleged that Defendant Program Manager Barlow, said that I threatened, intimidated and physically attacked Defendant Michelle Lang from the incident that occurred five days earlier on Saturday 15Novmeber; (3) I alleged that Defendant Program Manager Barlow, told me that Defendant Michelle Lang will be calling the police to have me arrested, and that she will be filing a

14

complaint against me accusing me of attacking her, grabbing her arm, pushing and threatening her; (4) I alleged that in an attempt to extort/coerce me into leaving the T.I.P.S. Program on my own, or be arrested, which meant eviction by the T.I.P.S. by the Board of Directors, Defendant Program Manager Barlow, asked "When are you leaving the program?" When I didn't answer, Defendant Program Manager Barlow said "Well, you can expect to be arrested then." ; (5) I alleged that I called an out-of-state family member and told him what happened, that I was being falsely accused of committing the crime of physical assault against another resident by Defendant Program Manager Barlow, who said that the resident I'm accused of assaulting, will be calling the police to have me arrested and that she will also file a complaint against me for assault. The family member told me to go to the police and give a statement because I was being set-up; (6) I alleged, that on Friday 21November2014, I went to the Bonner county Sheriff's Department, and believing that I was still going to be arrested, I voluntarily gave a statement to Deputy Matt Wallace, about the incidents from Saturday 15November and Thursday 20November2014. I told Deputy Wallace, that Defendant's Program Manager Barlow and Michelle Lang, were conspiring against me, to force me out of Holland House because of my race. (7) Deputy Wallace, advised me to stay away from Defendant Michelle Lang, and not to have any physical contact with her, and he also recommended that I get a digital voice recorder, to record any alleged acts of harassment by Defendant's Bonnie Edgecomb and Michelle Lang, etc.

20. I state a claim under FRCP Rule9(b)-Fraud, under 42 U.S.C. § 3604(b), 42 U.S.C. § 3617(Including 24 C.F.R. § 100.400(a)(b)(c)(2)(4-6)), 24 C.F.R. § 100.600(2)(i)(A)(B)(C)(ii)(c), 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, 42 U.S.C. § 1982, 42 U.S.C. § 2000d et seq, and 28 U.S.C. § 4101910(2): (1) I alleged that Defendant's Program Manager Barlow in her individual and official capacity, and Michelle Lang, conspired to violate my civil rights because of my race, by committing a fraudulent act of defamation libel per se, by creating defamatory DEFENDANT'S COPY TIPS000112 and TIPS000113 alleged falsified documents and DEFENDANT'S COPY TIPS000008 alleged intentional false statements documents, that was

meant to retaliate, deceive, defame, discredit, vilify character and conceal their knowledge that the alleged falsified documents and alleged intentional false statements are false;  (2)  Referring to the TIPS000112 alleged falsified document, I alleged that Defendant Program Manager Barlow's statement is defamation libel per se, because I am being falsely accused of physical assault, nor did Defendant Program Manager Barlow, ever saw or spoke to me on 11-17-14, as she falsely stated;  (3)  I alleged, that Defendant Program Manager Barlow, did not speak to me about the incident with Defendant Michelle Lang, until three days later on Thursday 20November2014, when I'm accused for the first time by Defendant Program Manager Barlow, of committing a crime of physically assaulting Defendant Michelle Lang, and that I will arrested, etc.;  (3)  Referring to the TIPS000113 alleged falsified document, I alleged that Defendant's Program Manager Barlow, and Michelle Lang's false statement is defamation libel per se, because I am being falsely accused of committing a crime of physically assaulting Defendant Michelle Lang;  (4)  Referring to the TIPS000113 document page, second paragraph, I alleged that Defendant Michelle Lang, never gave a statement to the police, as she falsely stated;  (5)  I alleged, that on Friday 28November2014, I went to the Bonner County Sheriff's Department and to the Ponderay Police Department, to verify if Defendant Michelle Lang gave a statement to the police.  It was confirmed that Defendant Michelle Lang, did not give a statement to any law enforcement agency, as she falsely stated;  (5)  Referring to the TIPS000008 document page, the first November 2014 and Resolution entries alleged intentional false statements, I alleged that Defendant Program Manager Barlow's false statement, is defamation libel per se, because I am being falsely accused by her of committing a crime of physically assaulting Defendant Michelle Lang;  (6)  I alleged that the last November 2014 and Resolution entry by Defendant Program Manager Barlow is intentionally false, and is meant to deceive, discredit, and conceal Defendant Program Manager Barlow's direct knowledge, that I never saw or spoke to her, about filing a complaint with the Bonner Sheriff's Department, with Deputy Matt Wallace, as she falsely state;  (7)  I alleged that Defendant Program Manager Barlow, got the information from my letter of complaint dated 22November2014, that I faxed to Defendant Board of Directors President

16

Abrosaini, Monday 24November2014-on the last page, second paragraph, I wrote about going to the Bonner County Sheriff's Department, and voluntarily gave a statement to Deputy Wallace.

21. I state a claim under 42 U.S.C. § 3604(b), 42 U.S.C. § 3617(Including 24 C.F.R. § 100.400(a)(b)(c)(2)(4-6)), 24 C.F.R. 100.600(2)(i)(A)(B)(C)(ii)(c), 42 U.S.C. § 2000d et seq, 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, 42 U.S.C. § 1982: I alleged that Defendant's Program Manager Barlow, in her individual and official capacity, Bonnie Edgecomb and Michelle Lang, conspired to violate my civil rights because of my race, in their attempts to force me out of Holland House and/or the T.I.P.S. Program. I wrote a letter of complaint, dated 22November2014 and faxed it, to Defendant Board of Directors President Ambrosaini in her individual and official capacity, on Monday 24November2014, complaining to her about Defendant's Program Manager Barlow, Bonnie Edgecomb and Michelle Lang, were conspiring against me to force me out of Holland House and/or the T.I.P.S. Program because of my race, etc.

22. I state a claim under 42 U.S.C. § 3604(b), 42 U.S.C. § 3617(Including 24 C.F.R. § 100.400(a)(b)(c)(2)(4-6)), 24 C.F.R. § 100.600(2)(i)(A)(B)(C)(ii)(c), 42 U.S.C. § 2000d et seq, 42 U.S.C. 1985(3), 42 U.S.C. § 1986: (1) I alleged that Defendant Bonnie Edgecomb, conspired to violate my civil rights because of my race, on Wednesday 26November2014, when she allegedly instigated a similar incident of harassment that occurred between Defendant Michelle Lang and myself, two weeks earlier on Saturday 15November2014. Defendant Bonnie Edgecomb, comes into the kitchen, and stands next to me on my right side at the double sink, and is using a butcher knife to begin cutting the netting off the turkey that was thawing in the right-side of the double sink. Without warning, Defendant Bonnie Edgecomb, reaches over, and tried to forcibly pull the neck of the faucet out of my hand, etc. After I regained control, Defendant Bonnie Edgecomb, with the butcher knife still in her hand, starts brandishing the butcher knife at me in a threatening manner. I called 911. (2) The Sheriff Department Deputies took statements from Defendant's Bonnie Edgecomb, Michelle Lang and myself, etc. I called the on-site Caretakers residence and spoke to Caretaker Kelly, and briefly told him what

17

happened, and he told that Defendant Bonnie Edgecomb was staying the night at Holland House and that Defendant Program Manager Barlow in her individual and official capacity, gave her permission. I then called Defendant Program Manager Barlow, and briefly told her the situation, and her only comment was which police department did I give my statement to, other than that, Defendant Program Manager Barlow, had nothing else to say to me.

23. I state a claim, under 42 U.S.C. § 3604(b), 42 U.S.C. § 3617(Including 24 C.F.R. § 100.400(a)(b)(c)(2)(4-6)), 24 C.F.R. § 100.600(2)(i)(A)(B)(C)(ii)(c), 42 U.S.C. § 2000d et seq, 42 U.S.C § 1985(3), 42 U.S.C. § 1986, 42 U.S.C. § 1982: I alleged that Defendant's Program Manager Barlow, in her individual and official capacity, Bonnie Edgecomb and Michelle Lang, conspired to violate my civil rights because of my race, and on 04December2014, I submitted to Defendant Program Manager Barlow, my Formal Grievance dated 04December2014, against Defendant's Program Manager Barlow, Bonnie Edgecomb and Michelle Lang, for submission to the T.I.P.S. Board of Directors, for racial discrimination, harassment, and conspiracy in their attempts to force me to leave the T.I.P.S Transitional Housing Program because of my race.

24. I state a claim under FRCP Rule 9(b)-Fraud, under 42 U.S.C. § 3604(b), 42 U.S.C. § 3617(Including 24 C.F.R. § 100.400(a)(b)(c)(2)(4-6)), 24 C.F.R. § 100.600(2)(i)(A)(B)(C)(ii)(c), 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, 42 U.S.C. § 1982, 42 U.S.C. § 2000d et seq, 28 U.S.C. § 4101(1)(2): (1) I alleged that Defendant Program Manager Barlow in her individual and official capacity, conspired to violate my civil rights because of my race, by committing a fraudulent act, by creating DEFENDANT'S COPY TIPS000114, TIPS000166, alleged falsified documents; DEFENDANT'S COPY TIPS000009 alleged intentional false statements document; and DEFENDANT'S COPY TIPS000023, TIPS000167 and TIPS000168 alleged documents of forgeries, that was meant to retaliate, deceive, defame, discredit, vilify character, and conceal Defendant Program Manager Barlow's direct knowledge that she knew the statements in the TIPS000114 and TIP000166 alleged falsified documents are false, the TIPS000009 document intentional false statements to be false, and the TIPS000023, TIPS000167 and TIPS000168 documents are alleged documents of forgeries; (2) Referring to the TIPS000009 document, I

18

alleged that the first November2014 and Resolution entries are intentional false statements that is meant to deceive and conceal Defendant Program Manager Barlow's direct knowledge that she is concealing the existence of my 22November2014 letter of complaint that was faxed to Defendant Board of Directors President Ambrosaini, on Monday 24November2014; (3) I alleged that in the first November 2014 entry, the letter of complaint that Defendant Program Manager Barlow, is concealing her direct knowledge that the TIPS000023 document, is an alleged document of forgery, that she allegedly created to make it appear as if I submitted the fraudulent fax document to Defendant Board of Directors President Ambrosaini, on 28November2014; (4) I alleged that the Resolution entry by Defendant Program Manager Barlow, is intentionally false, and was fraudulently created to conceal her direct knowledge that Defendant Board of Directors President Ambrosaini in her individual and official capacity, responded to my 22November2014 letter of complaint, with her own letter dated 12-8-14, in the month of December, that was given to me by Defendant Program Manager Barlow herself, and not in the month of November as falsely stated by Defendant Program Manager Barlow-PLAINTIFF'S EXHIBIT # 17; (5) I alleged that Defendant Program Manager Barlow, concealed her direct knowledge that Defendant Board of Directors President Ambrosaini in her individual and official capacity, contacted Defendant Program Manager Barlow in the month of December on December 18th, 2014, and not in the month of November, as falsely stated by Defendant Program Manager Barlow-DEFENDANT'S COPY TIPS000117; (6) Referring to the TIPS000166 alleged falsified document, I alleged that Defendant's Program Manager Barlow and Michelle Lang, created the alleged falsified document that was defamatory libel per se, and is meant to deceive, retaliate, discredit, defame and conceal their direct knowledge that the statements are intentionally false, and defamatory; (7) I alleged that the first statement by Defendant Michelle Lang, is defamatory libel per se, because she is falsely accusing me of committing the crime of physically assaulting her guests, as is described in the alleged falsified document.

25. I state a claim under FRCP Rule 9(b)-Fraud, under 42 U.S.C. § 3604(b), 42 U.S.C. §

3617(Including 24 C.F.R. § 100.400(a)(b)(c)(2)(4-6)), 24 C.F.R. § 100.600(2)(i)(A)(B)(C)(ii)(c),

42 U.S.C. § 1985(3), 42 U.S.C. § 1986, 42 U.S.C. § 1982, 42 U.S.C. § 2000d et seq:  (1)  I

alleged that Defendant Program Manager Barlow in her individual and official capacity,

conspired to violate my civil rights because of my race, by committing a fraudulent act, by

creating DEFENDANT'S COPY TIPS000167 and TIPS000168 alleged documents of forgeries,

that was meant to deceive, and conceal her direct knowledge that she created the alleged forged

documents from the Wednesday 26November2014 documented entry incident found in

PLAINTIFF'S EXHIBIT # 2 "DOCUMENTED ENTRIES" on pages 15, 16 and 17;  (2)

Referring to the TIPS000167 alleged forged document, I alleged that on page 1 of  the alleged

document of forgery, that Defendant Program Manager Barlow, fraudulently inserted the first ten

lines in the opening paragraph.  (3)  On page 1, in the second paragraph, I alleged that Defendant

Program Manager Barlow, then fraudulently removed and inserted the first three-four lines from

the original documented entry on page 16;  (4)  I alleged that scattered throughout the fraudulent

document, words have been either added or removed allegedly by Defendant Program Manager

Barlow; (5)  Referring to the TIPS000168 alleged document of forgery, I alleged that Defendant

Program Manager Barlow, fraudulently removed the last seven lines, in the bottom portion of the

second paragraph that is found on pages 16 and on page 17 in the original documented entry; (6)

I alleged that Defendant Program Manager Barlow, then fraudulently forged my name, signature

and forged date, to make it appear as if I wrote, signed and dated the alleged forged document on

03December2014.

26.  I state a claim under 42 U.S.C. § 3604(b), 42 U.S.C. § 3617(Including 24 C.F.R.

100.400(a)(b)(c)(2)(4-6)), 24 C.F.R. § 100.600(2)(i)(A)(B)(C)(ii)(c), 42 U.S.C. § 1985(3),42

U.S.C. § 1986, 42 U.S.C. § 1982, 42 U.S.C. § 2000d et seq:  I alleged that Defendant Program

Manager Barlow in her individual and official capacity, conspired to violate my civil rights

because of my race: (1)  Referring to DEFENDANT'S COPY TIPS 000117 document dated

December 18th, 2014, I alleged that Defendant Program Manager Barlow, gave me this

document, informing me that Defendant Board of Directors President Ambrosaini,in her

individual and official capacity, scheduled a meeting for Monday 22nd, December 2014; (2) I

alleged, that I told Defendant Program Manager Barlow, that I wanted a Legal Aide

representative present at the meeting on my behalf, Defendant Program Manager Barlow

objected, saying that she will have to talk with Defendant Board of Directors President

Ambrosaini, about it.  Defendant's Board of Directors President Ambrosaini, and Program

Manager Barlow cancelled the meeting.

27.  I state a claim under 42 U.S.C. § 3604(b), 42 U.S.C. § 3617(Including 24 C.F.R. §

100.400(a)(b)(c)(2)(4-6), 24 C.F.R. § 100.600(2)(i)(A)(B)(C)(ii)(c), 442 U.S.C. § 1982, 2 U.S.C.

§ 2000d et seq, 42 U.S.C. § 1985(3), 42 U.S.C. § 1986 and 28 U.S.C. § 4101(1)(2); (1) I alleged

that on Saturday 20December2014, I filed an online race and housing discrimination complaint

with the HUD Housing Agency, for violations of my civil rights because of my race by

Defendant's Program Manager Barlow, in her individual and official capacity, Bonnie

Edgecomb and Michelle Lang; (2) I alleged that on 05January2015, I faxed a race and housing

discrimination complaint to the Idaho Human Rights Commission(I.H.R.C.), for violations of my

civil rights because of my race by Defendant's Program Manager Barlow, Bonnie Edgecomb and

Michelle Lang.

28.  I state a claim under 42 U.S.C. § 3604(b), 42 U.S.C. § 3617(Including 24 C.F.R. §

100.400(a)(b)(c)(2)(4-6)), 24 C.F.R. § 24 C.F.R. § 100.600(2)(i)(A)(B)(C)(ii)(c), 42 U.S.C. §

1982, 42 U.S.C. § 2000d et seq, 42 U.S.C. § 1985(3) and 42 U.S.C. § 1986; (1) I alleged that on

04December2014, I submitted to Defendant Program Manager Barlow in her individual and

official capacity, my Formal Grievance that I signed and dated on 03December2014, against

Defendant's Program Manager Barlow, Bonnie Edgecomb, and Michelle Lang, for violating my

civil rights because of my race; (2) I alleged that Defendant's Program Manager Barlow,

Bonnie Edgecomb and Michelle Lang, continued to violate my civil rights in retaliation, after I

filed the race and housing discrimination complaints with the HUD Housing Agency, and the

I.H.R.C., and the submission of the 03December2014 Formal Grievance that I made against

Defendant's Program Manager Barlow, Bonnie Edgecomb and Michelle Lang; (3) I alleged that

and for the Caretakers as well as the residents to not talk to me and stay away from me.

33. I state a claim under FRCP Rule 9(b)-Fraud, under 42 U.S.C. § 3604(b), 42 U.S.C. § 3617(Including 24 C.F.R. § 100.400(a)(b)(c)(2)(4-6)), 24 C.F.R. § 100.600(2)(i)(A)(B)(C)(ii)(c), 42 U.S.C. § 1982, 42 U.S.C. § 2000d et seq, 42 U.S.C. § 1985(3), 42 U.S.C. § 1986:  (1)  I alleged that Defendant Board of Directors President Ambrosaini, in her individual and official capacity, and Defendant Program Manager Barlow, in her individual and official capacity, conspired to violate my civil rights because race, by committing a fraudulent act, as a pretext to cover-up, her retaliating against me for contacting the I.H.R.C. to complain about Defendant Program Manager Barlow giving me photocopies of a racially discriminatory housing rental:  (2) Referring to the I.H.R.C. Decision Document, page  4, third paragraph, the statement by Defendant Board of Directors President Ambrosaini, states: "…Ms. Barlow was very concerned for Complainant's ability to find permanent housing with no income." (3)  I alleged, that the statement by Defendant Board of Directors President Ambrosaini, is meant to deceive and conceal hers and Defendant Program Manager Barlow's direct knowledge, that the statement is intentionally false; (4)  I alleged that Defendant's Board of Directors President Ambrosaini, and Program Manager Barlow, have direct knowledge, that I began receiving temporary SSI Disability Benefits income payments in September/ October2014, and began receiving monthly SSD Benefits income payments that began in October/November2014, and that I continued receiving the monthly SSD Benefits income payments throughout the remaining months of my participation in the T.I.P.S. Transitional Housing Program, that ended on 08July2014, to afford permanent residential housing with full amenities.

34. I state a claim under FRCP Rule 9(b)-Fraud, under 42 U.S.C. § 3604(b), 42 U.S.C. § 3617(Including 24 C.F.R. § 100.600(a)(b)(c)(2)(4-6)), 24 C.F.R. § 100.600(2)(i)(A)(B)(C)(ii)(c), 42 U.S.C. § 2000d et seq, 42 U.S.C. § 1985(3), and 42 U.S.C. § 1986, 42 U.S.C. § 1982:  I alleged that Defendant Board of Directors President Ambrosaini in her individual and official capacity, conspired to violate my civil rights because of my race, when she committed a fraudulent act: (1)  Referring to the I.H.R.C. Decision Document, page 4, fifth paragraph, the

HOUSING DISCRIMINATION

COUNT II: DEFAMATION

1.  I state a claim respectfully, that I am suing under 42 U.S.C. §

3613(a(1)(A)(B)(2))(b(1)(2))(c(1)) of the Fair Housing Act; under 42 U.S.C. § 1981(a)(b), 42

U.S.C. § 1982, 42 U.S.C. § 2000d et seq, 42 U.S.C. § 1985(3), and 42 U.S.C. § 1986, of the

Civil Rights Act; Requesting a jury trial against Defendant Board of Directors of the Bonner

Homeless Transitions(Formerly T.I.P.S.) Transitional Housing Program, Defendant Mary Jo

Ambrosaini, in her individual and official capacity as the Board of Directors President of the

Bonner Homeless Transitions(Formerly T.I.P.S.), and as the Board of Directors President of the

Bonner County Homeless Task Force, Defendant Joanne Barlow, in her individual and official

capacity as the Program Manager for the Bonner Homeless Transitions(Formerly T.I.P.S.), and

as the Program Manager for the Bonner County Homeless Task Force, Defendants and Former

Bonner Homeless Transitions(T.I.P.S.) Participants Bonnie Edgecomb and Michelle Lang, under

42 U.S.C. § 1985(3), 42 U.S.C. § 1986, 24 C.F.R. § 100.7(a)(i)(ii)(iii)(b); For Defamation under

28 U.S.C. § 4101(1)(2), by conspiracy under 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, Hostile

Housing Environment under 24 C.F.R. § 100.600(2)(i)(A)(B)(C)(ii)(c), by Defendants Joanne

Barlow, Bonnie Edgecomb and Michelle Lang because of race; For violations of my Civil Rights

under 42 U.S.C. §1981(a)(b), 42 U.S.C. § 1982, 42 U.S.C. § 2000d et seq, and 42 U.S.C. §

1985(3), 42 U.S.C. § 1986, of the Civil Rights Act; under 42 U.S.C. § 3604(b), 42 U.S.C. §

3617(Including 24 C.F.R. § 100.400((a)(b)(c)(2)(4-6)), 24 C.F.R. §

100.600(2)(i)(A)(B)(C)(ii)(c), of the Fair Housing Act;  Alleging that the Defendants, conspired

to violate my Civil Rights through defamation by creating intentional false statements,

defamatory falsified documents and documents of forgeries, for the purpose of defamation,

discrediting and vilifying character, in retaliation, because I complained of race and housing

discrimination; Based on Race: Black/African American.

In support of the above stated claim, I offer the following facts, with attached supporting

documents of evidence FRCP Rule 9(b)-Fraud, under FRE Rule 401(a)(b), Rule 901(a)(b), Rule

26

property, pressuring residents to stay away from me because I am a threatening, intimidating, volatile, angry person, that I physically assaulted people, that I harass people, I have a mental illness, I am crazy, with a mental disease, etc.

4. I state a claim under FRCP Rule 9(b)-Fraud, under 28 U.S.C. § 4101(1)(2), 42 U.S.C. § 3604(b), 42 U.S.C. § 3617(Including 24 C.F.R. § 100.400(a)(b)(c)(2)(4-6)), 24 C.F.R. § 100.600(2)(i)(A)(B)(C)(ii)(c), 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, 42 U.S.C. § 1982, 42 U.S.C. § 2000d et seq: (1) I alleged that Defendant's Program Manager Barlow, in her individual and official capacity, and Michelle Lang, conspired to violate my civil rights because of my race, by committing a fraudulent act of defamation libel per se, by creating DEFENDANT'S COPY TIPS000112 alleged falsified document, fraudulently dated Nov. 17, 2014, and is falsely accusing me of committing a crime of physically assaulting Defendant Michelle Lang, three days before Defendant Program Manager Barlow, actually talked to me; (2) I alleged that the second paragraph Defendant Program Manager Barlow's statement is intentionally false, and is defamatory libel per se, and is meant to deceive and conceal her direct knowledge that she never saw or spoke to me on 11-17-14, as Defendant Program Manager Barlow falsely stated.

5. I state a claim under 28 U.S.C. § 4101(1)(2), 42 U.S.C. § 3604(b), 42 U.S.C. § 3617(Including 24 C.F.R. § 100.400(a)(b)(c)(2)(4-6)), 24 C.F.R. § 100.600(2)(i)(A)(B)(C)(ii)(c), 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, 42 U.S.C. § 1982, 42 U.S.C. § 2000d et seq: (1) I alleged that Defendant Program Manager Barlow, in her individual and official capacity, and Defendant Michelle Lang, conspired to violate my civil rights because of my race, by defamation slander per se; (2) I alleged that on Thursday 20November2014, Defendant Program Manager Barlow, falsely accused me of committing the crime of physically assaulting Defendant Michelle Lang, using extortion/coercion in an attempt to try and force me into leaving the T.I.P.S. Transitional Housing Program on my own, or be arrested and evicted by the T.I.P.S. Board of Directors.

6. I state a claim under FRCP Rule 9(b)-Fraud, under 28 U.S.C. § 4101(1)(2), 42 U.S.C. §

28

3604(b), 42 U.S.C. § 3617(Including 24 C.F.R. § 100.400(a)(b)(c)(2)(4-6)), 24 C.F.R. § 100.600(2)(i)(A)(B)(C)(ii)(c), 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, 42 U.S.C. § 1982, 42 U.S.C. § 2000d et seq; (1)  I alleged that Defendant Program Manager Barlow, in her individual and official capacity, and Defendant Michelle Lang, conspired to violate my civil rights because of my race, by committing a fraudulent act of defamation, when they allegedly created DEFENDANT'S COPY TIPS000113 alleged falsified document, that is meant to deceive, defame, retaliate, discredit, and conceal their direct knowledge that Defendant's Program Manager Barlow and Michelle Lang, knew the alleged falsified document to be false and defamatory libel per se, when they falsely accused me of committing a crime of physically assaulting Michelle Lang; (2)  I alleged that Defendant Michelle Lang, statement that she went to the Police Department is false; (3)  I alleged that on Friday 28November2014, I went to the Ponderay Police Department, and to the Bonner County Sheriff's Department, and was told  at both law enforcement agencies that there are no statements on file from Defendant Michelle Lang, regarding the alleged incident of harassment on Saturday 15November2014;

7.  I state a claim under  FRCP Rule 9(b)-Fraud, under 28U.S.C. § 4101(1)(2), 42 U.S.C. § 3604(b), 42 U.S.C. § 3617(Including 24 C.F.R. § 100.400(a)(b)(c)(2)(4-6)), 24 C.F.R. § 100.600 (2)(i)(A)(B)(C)(ii)(c), 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, 42 U.S.C. § 1982, 42 U.S.C. § 2000d et seq: (1)  I alleged that Defendant Program Manager Barlow, in her individual and official capacity, and Defendant Michelle Lang, conspired to violate my civil rights because of my race, by committing a fraudulent act of defamation, when they allegedly created DEFENDANT'S COPY TIPS000166 alleged falsified document dated Nov. 28, 2014, that is meant to deceive, defame, retaliate, discredit, and conceal their direct knowledge that they knew the alleged falsified document to be false and defamatory libel per se; (2)  I alleged, that the first paragraph in the alleged falsified document written by Defendant Michelle Lang, is defamation libel per se, and concealed her direct knowledge that she knew the statement to be false, when Defendant Michelle Lang falsely accused me of committing a crime of physical assault, against her guests.