UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSEPHINE GUION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BONNER HOMELESS TRANSITIONS BOARD OF DIRECTORS (formally T.I.P.S.); MARY JO AMBROSAINI, individually, and in her official capacity as THE BOARD OF DIRECTORS PRESIDENT OF THE BONNER HOMELESS TRANSITIONS AND THE BONNER COUNTY HOMELESS TASK FORCE; JOANNE BARLOW, individually and in her official capacity as the PROGRAM MANAGER FOR THE BONNER COUNTY HOMELESS TASK FORCE; BONNIE EDGECOMB and MICHELLE LANG, FORMER T.I.P.S. PARTICIPANTS,<br><br>　　　　Defendants. | Case No. 2:18-cv-00186-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Pro Se Plaintiff Josephine Guion's ("Guion") Motion for Sanctions Against Defense Counsel (Dkt. 38), Motion for Intervention and Sanctions Against Defense Counsel (Dkt. 39), Motion for Extension of Time to Amend Complaint (Dkt. 42), Motion for Process of Service by the U.S. Marshal Service (Dkt. 49), Motion for

Deposition by Remote Means (Dkt. 52), and Motion for Depositions of Defendants by Written Questions (Dkt. 53). Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will address the motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

For the reasons outlined below, the Court finds good cause to DENY Guion's Motion for Sanctions Against Defense Counsel (Dkt. 38) and Motion for Intervention and Sanctions Against Defense Counsel (Dkt. 39); GRANT Guion's Motion for Extension of Time to Amend Complaint (Dkt. 42) and Motion for Process of Service by the U.S. Marshal Service (Dkt. 49); and DISMISS AS MOOT Guion's Motion for Deposition by Remote Means (Dkt. 52) and Motion for Depositions of Defendants by Written Questions (Dkt. 53).

## II. BACKGROUND

The background of this case is set forth in the Court's prior order (Dkt 14). The Court incorporates that background by reference here.

On May 14, 2019, James Stoll, counsel for Defendants,[1] initiated a phone conversation with Guion to discuss negotiations and the possibility of mediation. The two talked about Guion's settlement demands and their respective positions on the strength of her claims. They also attempted to resolve certain discovery disputes. During a follow-up

---

[1] At this point, Plaintiff had not yet filed her Amended Complaint; thus Defendants Bonnie Edgecomb and Michelle Lang were not a part of the suit.

phone conversation on June 13, 2019, Stoll informed Guion that Defendants would not accept her demands for settlement. They then discussed more discovery issues and the timeline for the remaining litigation in this case.

Based on her view of the conversations, the following day Guion called Stoll's firm and informed it that she intended to file a complaint against Stoll with the Court and the Idaho State Bar Association for his inappropriate and unethical conduct during the phone conversations.

On June 18, 2019, Phillip J. Collaer ("Collaer"), another attorney working on the case, emailed Guion. This email contained a meet and confer letter, pursuant to the recent discovery disputes. At the end of the email, Collaer informed Guion that due to her allegations, all future communications between Guion and Defendants' counsel would have to occur in writing. The day after Guion received the email, she filed her Motion for Sanctions Against Defense Counsel (Dkt. 38).

### III. DISCUSSION

Guion has filed various motions. The Court considers each in turn:

A. *Motions for Sanctions Against Defense Counsel (Dkts. 38–39)*[2]

Guion moves this Court to sanction Stoll for violating Rules 16(f) and 37(b)(2)(A) of the Federal Rules of Civil Procedure, as well as Rule 3.1 of the Idaho Rules of Professional Conduct. Rule 16(f) allows a court to sanction an attorney who "(A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to

---

[2] Though Guion filed two separate motions, each ask for sanctions against Stoll and are based on the same telephone conversations and will thus be addressed as one motion.

participate—or does not participate in good faith—in the conference; or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(A)–(C). Rule 37(b)(2)(A) authorizes a court to impose specific sanctions on a party for failing "to obey an order to provide or permit discovery." *Id*. 37(b)(2)(A). Lastly, Rule 3.1 of the Idaho Rules of Professional Conduct states, in relevant part, that "[a] lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law." Idaho Rules of Prof'l Conduct R. 3.1 (2004).

Here, Guion claims that Stoll used threats and intimidation in an attempt to force her to drop her claims. She states he threatened to call the Court and tell the judge that she was not completing discovery the way he wanted her to, was belligerent and oppressive when she tried to discuss discovery issues and proceeded in bad faith regarding settlement discussions. Stoll claims that he acted in a proper manner throughout the duration of the phone calls and that Guion is falsifying information.

None of the above rules squarely support Guion's allegations. Rule 16(f) is the most relevant because Guion alleges that Stoll discussed negotiations in bad faith and threatened to vacate the settlement conference. However, she does not argue that he did in fact vacate any settlement conference, that he participated in bad faith during one, or that he failed to obey any scheduling order. Further, the Court has not issued any orders "providing or permitting discovery" other than its standard Discovery Plan (Dkt. 21), which Guion has not argued that Stoll violated. Rule 3.1 of the Idaho Rules of Professional Conduct also misses the mark, as the facts alleged by Guion are not covered under that rule.

MEMORANDUM DECISION AND ORDER –4

Although the cited rules do not support Guion's claim, federal courts possess inherent powers "necessary to the exercise of all others." *Primus Auto. Fin. Serv., Inc., v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980)). "The most common utilization of inherent powers is a contempt sanction levied to 'protect[ ] the due and orderly administration of justice' and 'maintain[ ] the authority and dignity of the court.'" *Id.* (quoting *Cooke v. United States*, 267 U.S. 517, 539 (1925)). In order to use its inherent powers to award sanctions, though, a court "must make an explicit finding that counsel's conduct 'constituted or was tantamount to bad faith.'" *Id.* at 649 (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980)). "The bad faith requirement sets a high threshold." *Id.* (holding that "totally frivolous," "outrageous," "inexcusable," and "appalling" conduct did not equate to bad faith).

Here, Guion's factual allegations, if true, would not be sufficient to show bad faith. Aside from conclusory labels, Guion provides little evidence that Stoll acted in bad faith. She alleges he threatened to file a motion to compel if she did not respond properly to discovery requests, stated he would settle the case for $5,000 as a nuisance claim but would go to trial if she refused, and informed her he would not communicate her demand for $1,000,000 and the public resignation of certain defendants to his client. Though the tone during these discussions may have been heated, such discussions are common during the discovery period of litigation in any case. Guion admits that she "lacks [] ability or knowledge" when it comes to discovery (Dkt. 35), and admittedly such communications

might cause a *pro se* party such as Guion concern that opposing counsel is acting in bad faith. The Court, however, does not share that concern.

Further, the Court is wary of accepting Guion's allegations as true. In Stoll's opposition (Dkt. 41-1), he provides a transcript of the voicemail Guion sent on June 14, 2019. This voicemail contradicts Guion's allegations. In her reply, Guion acknowledges this and apologizes to the Court "for getting her facts wrong." Dkt. 43. She stated "[I] was extremely upset over what Mr. Stoll said to [me] during the phone call on Thursday June 13, 2019 and reacted by handling the situation in the wrong way." *Id.* Though the Court can understand Guion's frustration, it cannot ignore her lack of candor.

Thus, based on the above reasoning, the Court finds good cause to DENY Guion's Motions for Sanctions Against Defense Counsel (Dkt. 38–39).

B. *Motion for Extension of Time to Amend Complaint (Dkt. 42)*

On June 13, 2019, the Court granted Guion's Motion to Amend Complaint and allowed her thirty (30) days to file an amended complaint. Dkt. 37. Guion timely filed her Motion for Extension of Time, seeking 9 additional days to file due to some technical drafting aspects. Defendants never opposed her motion, and on July 22, 2019 Guion filed her Amended Complaint. Dkt. 47.

As the motion was proper, timely filed, and unopposed, the Court hereby GRANTS Guion's Motion for Extension of Time to Amend Complaint.[3]

---

[3] Though Guion has already filed her Amended Complaint, the Court desires to make clear record that it was proper for her to do so.

C. *Motion for Process of Service by the U.S. Marshal Service (Dkt. 49)*

Federal Rule of Civil Procedure 4(c)(3) provides that "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). Further, "[t]he court *must* so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915." *Id.* (emphasis added); *see* 28 U.S.C. § 1915(d); *Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991).

Here, Guion is proceeding *in forma pauperis* under 28 U.S.C. § 1915. Dkt. 4. In her motion, she properly requests the Court to provide service via a United States marshal or deputy marshal. Thus, pursuant to Rule 4(c)(3) the Court hereby GRANTS Guion's Motion for Process of Service by the U.S. Marshal Service.

D. *Motion for Deposition by Remote Means (Dkt. 52)*

Guion argues the location of her deposition should be moved from the law offices of Defendants' counsel to the federal courthouse located in Boise, Idaho for two reasons. First, because an oral deposition violates Defendants' counsel statement that future communications between the parties be in written form only; and second, because the law office would be a hostile environment.

The Court first addresses Guion's attempt to use Collaer's statement that "our firm will no longer be communicating with you by telephone; all further communication with our firm will occur in writing," (Dkt. 40–4, at 9), as a valid reason to avoid verbally speaking at her deposition. Collaer's request was made to protect both sides from future false accusations. The same protections found in the request that future communications

be in writing are also present at a deposition. As a deposition is recorded, the opportunity to make subsequent false accusations is significantly diminished. In any event, Collaer's request is just that—a request. Neither Stoll nor Collaer have power to abolish Guion's ability to verbally communicate with anyone.[4]

As to Guion's request to change the deposition's location to a more neutral location, the Court's intervention is not needed. Since she filed this motion, Defendants have voluntarily changed the location of Guion's deposition to the federal courthouse in an effort to accommodate her. Dkt. 59. Thus, Guion's motion is DISMISSED AS MOOT.

E. *Motion for Depositions of Defendants by Written Questions (Dkt. 53)*

Guion moves under Federal Rule of Civil Procedure 31(a) to depose Defendants by written questions on the grounds that it may save on travel time and expenses. Under Rule 31(a), a party may depose any person, including a party, by written means without leave of the court, with a few exceptions listed in the following subsection. Fed. R. Civ. P. 31(a)(1). None of the exceptions are applicable here. Thus, because Guion does not need leave of the Court, her Motion for Depositions of Defendants by Written Questions is DISMISSED AS MOOT.[5]

///

///

---

[4] Nor have Stoll or Collaer at any time alleged they have such power.

[5] Though a deposition by written questions may save on travel time and expenses, the Court advises Guion that she is still financially responsible for conducting the deposition, including the procurement of a deposition officer, witness fees, and for notice and delivery of the questions. *Merchant v. Lopez*, 2010 WL 1948922 (S.D. Cal. 2010). Guion's in forma pauperis status does not require the Court to order financing or waive fees or expenses for witnesses. *Id*. (citing *Hadsell v. Comm'r Internal Revenue Serv.*, 107 F.3d 750, 752 (9th Cir. 1997)).

# IV. ORDER

IT IS HEREBY ORDERED THAT:

1. Guion's Motion for Sanctions Against Defense Counsel (Dkt. 38) is DENIED.

2. Guion's Motion for Intervention and Sanctions Against Defense Counsel (Dkt. 39) is DENIED.

3. Guion's Motion for Extension of Time to Amend Complaint (Dkt. 42) is GRANTED. Guion has already filed her Amended Complaint, thus no accompanying deadlines are necessary.

4. Guion's Motion for Process of Service by the U.S. Marshal Service (Dkt. 49) is GRANTED. The Clerk will issue the summons (Dkt. 49–1) and provide copies of the summons and the Amended Complaint (Dkt. 47) to the United States marshal or deputy marshal within seven days of the date of this order. The United States marshal or deputy marshal shall serve the Defendants with a copy of the summons and complaint within 30 days of the date of this order.

5. Guion's Motion for Deposition by Remote Means (Dkt. 52) is DISMISSED AS MOOT.

6. Guion's Motion for Depositions of Defendants by Written Questions is DISMISSED AS MOOT. Guion may take Defendants' depositions by written questions without leave of the Court. In doing so, she is responsible for the set up and arrangements of any such deposition and she must continue

to comply with the applicable Federal Rules of Civil Procedure and local rules.

DATED: September 18, 2019

David C. Nye
Chief U.S. District Court Judge