UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSEPHINE GUION,<br><br>        Plaintiff,<br><br>v.<br><br>BONNER HOMELESS TRANSITIONS<br>BOARD OF DIRECTORS (formally<br>T.I.P.S.); MARY JO AMBROSAINI,<br>individually, and in her official capacity<br>as THE BOARD OF DIRECTORS<br>PRESIDENT OF THE BONNER<br>HOMELESS TRANSITIONS AND THE<br>BONNER COUNTY HOMELESS<br>TASK FORCE; JOANNE BARLOW,<br>individually and in her official capacity<br>as the PROGRAM MANAGER FOR<br>THE BONNER COUNTY HOMELESS<br>TASK FORCE; BONNIE EDGECOMB<br>and MICHELLE LANG, FORMER<br>T.I.P.S. PARTICIPANTS,<br><br>        Defendants. | Case No. 2:18-cv-00186-DCN<br><br>**MEMORANDUM DECISION AND<br>ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Josephine Guion's Motion to Vacate Summary

Judgment. Dkt. 81. While submitted as a single document, the filing is, in effect, three

separate motions. Dkt. 81. Guion first moves to vacate the Court's prior order denying her

Motion for Summary Judgment (and granting Defendants' Motion for Summary Judgment)

pursuant to Federal Rule of Civil Procedure 60(b)(4) and (d)(3).[1] She then moves to disqualify the undersigned under 28 U.S.C. § 455. Guion lastly moves for an indicative ruling under Federal Rule of Civil Procedure 62.1.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court DENIES all three motions.

## II. BACKGROUND

A thorough factual description of this case can be found in the Court's previous order. Dkt. 76, at 2–7. To summarize, Guion brought five causes of action against Defendants, all of which the Court dismissed on summary judgment. Dkt. 76. One of her claims, more pertinent to her claim of fraud on the court in this matter, involved the Fair Housing Act's ("FHA") prohibition against discrimination in certain housing. *See* 42 U.S.C. § 3604. The Court dismissed each of Guion's claims due to their corresponding statutes of limitations having run and due to substantive shortcomings.[2]

Guion thereafter appealed the Court's decision and, months later, filed the instant

---

[1] In her Reply, Guion explicitly states that she does not proceed under Rule 60(b)(2) or (3), but that her arguments are based solely on Rule 60(b)(4) and (d)(3). Dkt. 83, at 1. Accordingly, the Court narrows its focus to those grounds.

[2] This statement has one exception: the fraud claim against Defendants, which has no bearing on this matter, was dismissed solely on substantive grounds.

motions in one document. Dkt. 81. Briefing proceeded through its normal course. Dkts. 82, 83. The Ninth Circuit then issued an order explaining that, due to the pending motions, Guion's appeal would be "held in abeyance pending disposition of the" motions. Dkt. 84. The Court now takes occasion to rule on the three motions.

### III. DISCUSSION

#### A. Rule 60 Motion

Guion argues that the Court's summary judgment decision is void due to the undersigned, defense counsel, and Defendants' scheme to commit fraud on the Court. Guion alleges that the "first step" in this fraudulent scheme was for the Court to unlawfully remove her Idaho Human Rights Commission ("IHRC") complaint by concluding it did not qualify as an administrative proceeding under the FHA. *See* Dkt. 76, at 12 n.10. Guion then alleges that the Court's next step was inappropriately calculating the time from her U.S. Department of Housing and Urban Development ("HUD') complaint to the filing of her Complaint in this case. *Id.* at 13. Guion then alleges that the Court made "another false statement" related to her IHRC complaint as it relates to her Complaint and Amended Complaint. She concludes that the Court used a "fraudulent HUD Complaint and Amended HUD Complaint which do[] not exist" to dismiss her meritorious FHA claim. Dkt. 81, at 8.[3]

---

[3] While Guion also cites Federal Rule of Civil Procedure 60(b)(4), it appears she is implying that the judgment is void due to the alleged fraud on the court because she does not provide a separate reason for the judgment to be void under this theory. In other words, none of her arguments diverge from her fraud on the court theory. Because the Court sees no basis for fraud on the Court, the Court will not discuss the law regarding void judgments further.

MEMORANDUM DECISION AND ORDER - 3

Federal Rule of Civil Procedure 60(d)(3) allows a court to "set aside a judgment for fraud on the court." Courts possess the inherent equity power to set aside judgments obtained on the basis of fraud. *U.S. v. Estate of Stonehill*, 660 F.3d 415, 443 (9th Cir. 2011) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)). The power to vacate judgments for fraud is exercised "with restraint and discretion." *Id.* (cleaned up). The Court will only exercise this power when fraud is established by clear and convincing evidence. *Id.*; *England v. Doyle*, 281 F.2d 304, 310 (9th Cir. 1960). A claim of fraud on the court requires a consideration of whether the purported fraud "harmed the integrity of the judicial process," not whether any fraudulent conduct "prejudiced the opposing party." *Alexander v. Robertson*, 882 F.2d 421, 424 (9th Cir. 1989). To justify setting aside a judgment, the fraud must amount to "an unconscionable plan or scheme which is designed to improperly influence the court and its decision." *Abatti v. C.I.R.*, 859 F.2d 115, 118 (9th Cir. 1988) (quoting *Toscano v. Commissioner*, 441 F.2d 930, 934 (9th Cir. 1971)). Courts exercise their inherent power in this regard via application of Rule 60(b) and 60(d). *See Payton v. Davis,* 906 F.3d 812, 817 (9th Cir. 2018).

Guion's argument does not establish fraud on the court. Her argument is not the easiest to follow, but it appears she has misinterpreted the Court's references to Complaints before the Court as HUD complaints, which in turn leads her to allege they do not exist (perhaps because of the different dates). However, her HUD complaints certainly exist, as the Court previously stated and as she previously claimed. *See* Dkt. 76, at 7, 12–13. After all, if they didn't exist, Guion would have even less chance of having a viable FHA claim because, in the absence of the HUD complaints, the statute of limitations would have run

all the sooner. *See id.* at 13–14, 16, 19, 20–21, 22 (statute of limitations discussions for each claim); *see also* 42 U.S.C. § 3613(a)(1)(A) (setting a two-year statute of limitations to bring an FHA claim); *id.* § 3613(a)(1)(B) (tolling that time during an administrative proceeding as defined by the FHA). While the Court acknowledges that it misstated the date of Guion's Complaint as May 22, 2018, instead of April 30, 2018,[4] a mere misstatement of a date is a far cry from fraud on the court. And this misstatement has no impact on the result of this case since Guion's claims were still late. Even setting all of the statute of limitations issues aside, Guion's claims would have still been dismissed because they were all substantively flawed.

In short, Guion's motion is heavy on allegations of fraud but very light on substantiation. She does not provide any evidence that fraud occurred, much less that an instance of fraud harmed the integrity of the judicial process. Many of her allegations for fraud read like legal challenges to the Court's conclusions—which are appropriate for her to propound on appeal, not to argue in support of a motion for fraud on the court. Guion has not carried her burden of showing fraud on the court by clear and convincing evidence due to a lack of evidence and her misplaced legal arguments. Her motion is denied.

### B.  Motion to Disqualify

Guion moves for disqualification of the undersigned based on her same allegations of fraud on the court and based on her claim that the undersigned was improperly partial to Defendants. Dkt. 81, at 8–9. As explained, there is no basis for Guion's fraud on the

---

[4] May 22, 2018, was the day the Court issued its Initial Review Order.

court allegations. And there is nothing beyond the Court's ruling, which itself in no way indicates partiality, bias, prejudice, or any other untoward disposition against Guion or in favor of Defendants, that Guion points to for disqualification. *See Liteky v. United States*, 510 U.S. 540, 555–56 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); *United States v. McTiernan*, 695 F.3d 882, 892–93 (9th Cir. 2012) ("A judge's prior adverse ruling is not sufficient cause for recusal." (cleaned up)). While litigants certainly have a due process and statutory rights to an impartial judge, *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 876 (2009), Guion's Motion to Disqualify the undersigned is denied because there is no basis for disqualification under 28 U.S.C. § 455 in this case. Disqualification is not required where only vague allegations of bias and prejudice are asserted, or where those allegations arise from the adjudication of claims or cases by the court during the course of litigation. Such alleged errors are "the basis for appeal, not recusal." *Focus Media, Inc. v. Nat'l Broadcasting Co. (In re Focus Media, Inc.)*, 378 F.3d 916, 930 (9th Cir. 2004).

## C. Rule 62.1 Motion

In the alternative to her Motion to Vacate Summary Judgment, Guion moves the Court for an indicative ruling under Federal Rule of Civil Procedure 62.1 "as to whether the Court would consider granting [her] Motion based on *new evidence* under" the same provisions of Rule 60. Dkt. 81, at 3 (emphasis added). Rule 62.1 "allows a party to ask the district court for an 'indicative ruling' on an issue the court is without jurisdiction to decide because of a pending appeal." *Mendia v. Garcia*, 874 F.3d 118, 1121 (9th Cir. 2017); *see also* Fed. R. Civ. P. 62.1(a). Rule 62.1 is unnecessary, however, where the district court

still has authority to hear the motion in question because it is within the court's power to rule on the motion itself. *See* Steven Gensler, 2 Federal Rules of Civil Procedure, Rules and Commentary, Rule 62.1 (2020). Simply because an appeal has been taken in a case does not mean that the district court lacks authority to rule on all matters involved in that case. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (holding that the filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over *those aspects of the case involved in the appeal*" (emphasis added)). District courts' rulings on Rule 62.1 motions are a discretionary matter. *Prosterman v. Am. Airlines, Inc.*, 747 F. App'x 458, 462–63 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 1342 (2019).

There are several reasons for denying the motion. First, because the Court has authority to dispose of the Rule 60 motion, Rule 62.1 is inapplicable.[5] *Stone v. I.N.S.*, 514 U.S. 386, 401 (1995) (explaining that district courts retain jurisdiction to decide Rule 60 motions even after an appeal is taken); *Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997) (same); *Leader Nat'l Ins. Co. v. Indus. Indem. Ins. Co.*, 19 F.3d 444 (9th Cir. 1994) ("[A] notice of appeal filed while a Fed. R. Civ. P. 59 motion is pending is no longer a nullity, but, rather, is merely held in abeyance until the motion is resolved."); *Burt v. Ware*, 14 F.3d 256, 258 (5th Cir. 1994) (per curiam) ("[U]nder the version of the rule that became

---

[5] The Court uses the term authority, rather than jurisdiction, because the Ninth Circuit clarified that this issue is one of "claim-processing rules," not jurisdiction because Congress alone sets the parameters of lower courts' jurisdiction. *Rodriguez v. Cty. of L.A.*, 891 F.3d 776, 790 (9th Cir. 2018) ("'[J]urisdictional' rules derived from sources other than Congress are more accurately characterized as 'mandatory claim-processing rules' that may be applied in a 'less stern' manner than true jurisdictional rules." (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017)).

effective on December 1, 1993, Burt's notice of appeal would be treated as merely dormant until the post-judgment motion is decided."); *see also* Fed. R App. P. 4(a)(4)(B)(i) and advisory committee's note (1993) ("A notice filed before the filing of one of the specified motions or after the filing of a motion but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals."); Fed. R. App. P. 12.1 advisory committee's notes (2009) ("Appellate Rule 4(a)(4) lists six motions that, if filed within the relevant time limit, suspend the effect of a notice of appeal filed before or after the motion is filed until the last such motion is disposed of. The district court has authority to grant the motion without resorting to the indicative ruling procedure."). Indeed, the Ninth Circuit's order in this very case, holding its proceedings in abeyance until the disposition of the pending motions, confirms that this Court has authority to rule on the matter. Dkt. 84.

Second, even if Rule 62.1 applied, Guion's motion is without merit. In order to be relieved from the judgment, Guion would have to show "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). The evidence Guion refers to is not new. Rather, it is the same evidence included in the summary judgment briefs and referred to in the Court's order, just with a new interpretation—i.e., fraud on the court. Dkt. 82, at 4–5, 7. Additionally, Guion cannot show that she would not have been able to discover earlier with "reasonable diligence" the alleged fraud on the court evidence. *Prosterman*, 747 F. App'x at 462 (quoting Fed. R. Civ. P. 60(b)(2)). Further, the so-called new evidence would not make a difference because it does not show fraud on the court for the reasons stated.

MEMORANDUM DECISION AND ORDER - 8

Lastly, a party wishing to secure an indicative ruling must file the motion for relief in addition to its motion for an indicative ruling. *Medgraph, Inc. v. Medtronic, Inc.*, 310 F.R.D. 208 (W.D.N.Y. 2015). While Guion did file a motion for relief from fraud on the court, she makes explicitly clear in her Reply that she did not file a motion for relief based on newly discovered evidence, which falls under a different subdivision of Rule 60. *See* Fed. R. Civ. P. 60(b)(2). This motion, on the other hand, is based on the purportedly new evidence. Thus, Guion's Rule 62.1 motion is procedurally defective.

Accordingly, while it appears Guion had good intentions in filing her Rule 62.1 motion, there is no need or basis for the Court to issue an indicative ruling in this case. To the extent she sought an indicative ruling on her fraud on the court arguments, she has an actual ruling. On the other hand, to the extent she sought an indicative ruling on her newly discovered evidence argument, such an argument would have been denied even if it were properly before the Court for the reasons stated. In short, Guion's motion is denied.

## V. ORDER

The Court HEREBY ORDERS:

1. Guion's Motions to Vacate Summary Judgment, Motion to Disqualify, and Motion for an Indicative Ruling (Dkt. 81) are **DENIED**.

DATED: January 14, 2021

David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 9